WILLIAM E. DONLEY

v.

JOHN DOUGHERTY.

*Opinion filed October 24, 1898.*

1. EVIDENCE—*jury may find for plaintiff if evidence slightly prepon-derates in his favor.* It is not error, in an action for negligence, to instruct the jury that while the burden is on the plaintiff to prove his case by a preponderance of the evidence, yet a slight prepon-derance in his favor would be sufficient to authorize a recovery.

2. SAME—*jury may always consider interest of witness.* It is always proper for the jury, in determining the credibility of a witness, to consider any interest which he is shown to have in the suit.

3. NEGLIGENCE—*when modification of instruction concerning due care is not improper.* An instruction, in an action for negligence, that plaintiff must prove that he was exercising "that degree of care and caution at the time of the injury which a reasonably prudent man would have exercised under like circumstances," is not im-properly modified by the court by adding the words, "and in the situation that plaintiff was placed, as shown by the evidence."

*Donley v. Dougherty,* 75 Ill. App. 379, affirmed.

APPEAL from the Appellate Court for the First Dis-trict;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

This was an action on the case brought by appellee to recover damages for injuries claimed to have been re-ceived by him while using a broken and defective hay-cutter belonging to his employer, the appellant. The declaration proceeds upon the theory that such defect or imperfection was known to the defendant and also to the plaintiff, but that the plaintiff was ordered to use said machine, and did so use it for a short time, under the promise of his employer that it would be repaired soon, and while so using it his hand was caught and mangled, resulting in serious injury. A jury in the trial court re-turned a verdict of $2500. Upon a motion for a new trial a *remittitur* of $700 was entered, whereupon a motion for

a new trial was overruled and judgment for $1800 was entered. On appeal to the Appellate Court for the First District this judgment was affirmed, and thereupon this appeal was prosecuted to this court.

L. C. COOPER, and S. S. JONAS, for appellant.

EDWARD MAHER, and CHARLES C. GILBERT, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The only error assigned and argued by appellant is, that the court erred in giving instructions for appellee and in modifying an instruction asked by appellant. The first instruction given for plaintiff below was as follows:

"The court instructs the jury, that while, as a matter of law, the burden of proof is upon the plaintiff, Dougherty, and it is for him to prove his case by a preponderance of the evidence, still if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, it would be sufficient for the jury to find the issues in his favor and to find a verdict against the defendant, Donley."

This form of instruction was given by the trial court and approved by this court in the case of *Taylor* v. *Felsing*, 164 Ill. 331.

The fourth instruction was, that if the jury believe, from the evidence, the hay-cutter was defective as charged, and the plaintiff notified the defendant of such defect, and that such defect rendered plaintiff's services dangerous, whereupon the defendant promised to have the hay-cutter repaired, then "if you further believe, from the evidence, that the plaintiff thereupon relied upon the said promise of the said defendant to repair said hay-cutter, and that the said plaintiff continued in his said employment a reasonable time to permit the defendant to repair said hay-cutter, the plaintiff was not then guilty

of negligence in continuing to use said hay-cutter for a reasonable time." It would have been more proper, perhaps, to have told the jury that under such circumstances the plaintiff had a right, under the law, to continue in the employ of the master relying upon such promise, but the effect of the instruction was in substance the same. This rule is approved in the cases of *Missouri Furnace Co.* v. *Abend,* 107 Ill. 44, *Swift & Co.* v. *Madden,* 165 id. 41, and *Illinois Steel Co.* v. *Mann,* 170 id. 200.

The eighth instruction given on behalf of the plaintiff told the jury, in substance, that if any witness was in the employ of either plaintiff or defendant, such relation might be considered, together with any other relation which existed between such witness and such party to the suit, and that such interest, if any is shown by the evidence, might be considered by the jury in determining the weight to be given the testimony of such witness, taking the same in connection with all other evidence in the case and the facts and circumstances proven. There was no substantial or reversible error in this instruction. It is always proper for the jury to consider the interest, if any is shown by the evidence, which a witness has in the result of the suit, in determining his credibility.

In the first instruction offered by defendant, which was modified and appears as the ninth instruction, the jury were told that to authorize a recovery the plaintiff must prove, by a preponderance of the evidence, that he was exercising that degree of care and caution at the time of the injury which a reasonably prudent and cautious man would have exercised under like circumstances, and the court added thereto, "and in the situation that plaintiff was placed, as shown by the evidence." There was no substantial error in this modification. Whatever situation the evidence showed the plaintiff was in at the time he received the injury, was the position in which he must necessarily have been expected to exercise such care and caution.

There was no reversible error in the giving or modifying of instructions, and the judgment of the Appellate Court for the First District affirming the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*