# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

## FOURTH DISTRICT—AUGUST TERM, 1898.

### Illinois Central Railroad Company v. John Mainer.

1. INSTRUCTIONS—*Where a Party is Estopped to Complain.*—A party is in no condition to complain of an instruction where he has asked and had given substantially the same instruction himself.

**Action in Case,** for personal injuries. Trial in the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

WILLIAM H. GREEN, attorney for appellant.

W. A. SCHWARTZ and A. S. CALDWELL, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.
This is an action on the case, brought by appellee against appellant, for carelessly, negligently and without ringing a bell or sounding a whistle, running its engine and train of cars over and across a street crossing of its railroad, in the city of Carbondale, while appellee, in the exercise of ordinary care for his own safety, was, with his team of horses and wagon, passing along the street and across appellant's

(92)

railroad track, whereby appellant's engine and train of cars ran into and against appellee's wagon, in which he was riding, tilting the wagon-bed and causing appellee's horses to become frightened and run away, throwing appellee out of the wagon and severely injuring him, and also injuring one of his horses so that it afterward died.

The jury returned a verdict for plaintiff for $500 damages, on which the court, after disposing of defendant's motion for a new trial by overruling it, gave judgment, and the defendant brings the case here by appeal, and, as its counsel says, "specially relies for reversal on two of the errors of the Circuit Court." These errors are the refusal of the court to grant a new trial because there was not sufficient evidence to sustain the allegation of the exercise of ordinary care, and in giving plaintiff's instructions numbered 1, 2, 3, 4 and 6.

Three persons only, witnessed the accident, which occurred about half past ten o'clock in the evening of September 29, 1897. They were plaintiff himself, his brother, who was in the wagon with him, and the engineer of the train. Plaintiff testified that he, with his brother, had been to his sister's, about five miles from Murphysboro, that day, and was on his return home through Carbondale; that he started to drive down Hickory street, and turned to go east to cross the railroad track and saw the train south of him on the track; that he stopped his team within twelve or fifteen yards of the railroad crossing and listened to learn whether the train was standing still or running, and it was standing still. Was within thirty or thirty-five yards of it; that he listened for a bell and heard none, but thought he would have heard it had it been ringing; that no whistle was sounded; that he then tried to cross the track, and as his horses got their front feet on the track he saw the train was moving toward him and he tried to hurry up to get across; that the train was making no noise; that just as his horses got about over the track, it seemed as if the steam was all thrown on, and the engine came at a pretty good rate of speed, and struck the hind end of his wagon and knocked

it around to the north; that his horses ran and the wagon-bed was thrown off with plaintiff in it, and he was injured in the hip; that one of his horses died from the injury received by it.

Plaintiff's brother fully corroborated plaintiff's evidence and is positive the engine of the train hit the wagon.

On the part of defendant, the engineer of the train testified that he had been in Carbondale ten or fifteen minutes switching, and after it was done, he slowly pulled his train out to the main track, and when within forty or fifty feet of the wagon-crossing he noticed the team coming upon the crossing, when he partially applied the air to hold the speed of the train down; that the team seemed to be lunging, and went across the track on a jump; that he was within twenty feet of the wagon when it went off the track; that he was ringing the bell, and the engine did not touch the wagon; that he did not put on steam when nearing the crossing, as it was down grade, and he was running very slow, so that the brakeman could close the switch and get aboard the train; that after pulling out he did not stop again until he arrived at De Soto.

The fireman corroborated the engineer as to the speed of the train and ringing of the bell. Both the engineer and fireman testified that the fireman had been ringing the bell just before reaching Hickory street.

Plaintiff had a right to cross the railroad equal to that which the company had to cross the street, but each was bound to use reasonable care and effort to avoid receiving or inflicting injury upon themselves or others.

If the testimony of the plaintiff and his brother is true, that when they saw the train they stopped and carefully used their eyes and ears to learn if it was moving, and found, as they honestly believed, it was not, and did not find out the contrary until too late to safely turn back, then, under such circumstances and the fact it was night, appellant was under an obligation to do something to apprise them that the train was moving, for they had used all the faculties given to men to learn the truth. What the

employes of the company were required to do, and what they could have done, to apprise appellee the train was moving, was either to have sounded the whistle or rung the bell of the locomotive. It is not claimed the whistle was sounded, but it strongly insisted that the bell was rung. If appellee and his brother knew the train was coming toward the crossing, or heard the bell ringing, the attempt to cross the track was negligence of the grossest character. On the other hand, if, when they saw the train, they stopped and looked to see if it was moving, and listened for the bell, but heard none, they then attempted to cross, we can not say, as a matter of law, that they did otherwise than as reasonable men would have done under the circumstances; but whether they did or not was a question of fact for the jury to find.

The objection to plaintiff's instruction is, that the jury were misled by them as to the time when the necessity for care and caution became imperative upon appellee.

The sixth instruction, which is claimed to be the worst, with the objectionable words italicised by counsel for appellant, is as follows:

" 6. You are instructed that it is for you to determine, from all the evidence, as a question of fact, whether the plaintiff was in the exercise of ordinary care for his own safety *at the time of the injury complained of*, and whether the defendant was guilty of negligence as charged in the declaration, or either count thereof, and in arriving at your verdict, it is your duty to take into consideration all the facts and circumstances of the occurrence, as shown by the evidence, under the instructions of the court."

The error, if it be one, is exceeding subtle, and requires time for its complete discovery, as is evidenced by the fact that counsel for appellant asked, and the court gave to the jury, the following instruction:

" 5. Although you may believe from the evidence that no bell was rung or whistle sounded, yet you can not find for the plaintiff under the second count unless you believe from the evidence that the failure to ring the bell or blow the whistle caused the accident and injury in question, and also further believe from the preponderance of the evidence

that plaintiff, at the time of the accident, was himself using due care and caution for his own safety."

Since the substance of the matter complained of is found in appellant's instruction, it is in no condition to complain, as, if the jury were misled, appellant assisted in doing it; but we are not to be understood as holding the instruction misleading. Donley v. Dougherty, 174 Ill. 582.

We find no substantial error in the record, and the judgment is affirmed.