## James Devine v. Timothy Ryan.

### Gen. No. 4,342.

1. PREPONDERANCE OF EVIDENCE—*approved instruction upon.* An
instruction upon this subject as follows: "The court instructs the
jury that while, as a matter of law, the burden of proof is upon the
plaintiff and it is for him to prove his case by a preponderance of the
evidence, still if the jury find from the evidence bearing upon the
plaintiff's case preponderates in his favor, although but slightly, it
would be sufficient for the jury to find the issue in his favor,"—is ap-
proved.

2. BREACH OF WARRANTY—*remedy for.* Where a warranty given
upon the sale of personal property is broken, it is not necessary that
such personal property be returned by the purchaser; he may retain the
same and sue for the difference between the fair cash value of the prop-
erty warranted and its fair cash value had it been as warranted.

3. BREACH OF WARRANTY—*what constitutes.* The fact that a horse
became lame and was diseased in his feet and legs, is a breach of war-
ranty of soundness.

Action commenced before justice of the peace.    Appeal from the
Circuit Court of Lee County; the Hon. RICHARD S. FARRAND, Judge,
presiding.    Heard in this court at the April term, 1904.    Affirmed.
Opinion filed August 24, 1904.

JAMES W. WATTS, for appellant.

JOHN E. ERWIN, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.
This is a suit brought originally before a justice of the

peace. The case was appealed to the Circuit Court where appellee recovered a judgment for $75, the damages for a breach of warranty in the sale of a horse. The defendant below appeals and assigns as error the giving of instruction for the appellee.

In May, 1903, appellant sold appellee a horse for $175 which appellee claims was warranted to be sound, gentle, and not over six years old. The defense was that the horse was sold without a warranty. Appellee and appellant and a witness by the name of Donovan were present at the time the sale was made. Appellee and Donovan agree substantially that appellant warranted the horse to be sound, gentle, and not over six years old. This is denied by appellant, and a witness by the name of Drew testified that appellee had stated to him that the horse was warranted to be sound as far as appellant knew. This conversation is denied by appellee, and this is all the evidence in the record bearing on the question of the making of the warranty. The question of whether appellee had a preponderance of the evidence, under this state of facts, was one for the jury. The evidence tends to show that the horse in question was diseased in the feet and legs; after a little use his legs would swell, and his hoofs were dry and brittle and would not retain the shoe nails so that it was difficult to keep him shod; he had what is called "flat foot," and would go lame after a little driving. The horse is shown to have been unfit for a road horse or any other ordinary service. It is also shown that the horse was eight years old in the judgment of experts who swear they can tell how old a native horse is by looking at his teeth. It is also shown that the horse was skittish and very nervous and easily frightened. Under this state of the proofs a verdict for $75 cannot be set aside as being against the evidence.

The most reliance of appellant for a reversal is based upon the giving of certain instructions for appellee. The first instruction given for appellee is complained of and is as follows: "The court instructs the jury that while, as a matter of law, the burden of proof is upon the plaintiff and

it is for him to prove his case by a preponderance of the
evidence, still if the jury find from the evidence bearing
upon the plaintiff's case preponderates in his favor, al-
though but slightly, it would be sufficient for the jury to
find the issue in his favor." This instruction except as to
a slight verbal error, has been approved twice by our Su-
preme Court which is all that need be said of it. Taylor
v. Felsing, 164 Ill. 331; Donley v. Dougherty, 174 Ill. 582.
Instruction number three is not seriously criticised. It
contains a correct proposition of law to the effect that it is
not necessary to return property purchased with a war-
ranty, but the purchaser may retain the property and sue
for the difference between the fair cash value of the prop-
erty warranted and its fair cash value had it been as war-
ranted. No valid objection can be made to this instruction
and there was no error in giving it. The fourth and fifth
instructions are assailed but they are not open to the objec-
tion urged against them. The fourth relates to the measure
of damages recoverable for breach of warranty and lays
down the rule correctly. The fifth advises the jury that
the purchaser of a chattel with a warranty has a reason-
able time in which to examine and use the property to
ascertain whether it fills the warranty. The criticism
made upon both the fourth and the fifth instructions is that
they assume certain facts. This is a misapprehension of
these instructions; they are general propositions of law
and do not assume any facts in connection with this case.
Instruction number nine is objected to for the reason it is
said to assume certain facts which the plaintiff was re-
quired to prove. This instruction is not couched in the
most faultless language, but read in connection with the
whole series we are satisfied the jury understood that the
burden of the proof was on the plaintiff to prove the mak-
ing of the warranty; that the same was relied on as a part
of the consideration for the purchase of the horse by appel-
lee; that the same was broken and that appellee was dam-
aged thereby. If the jury understood the series of
instructions in this light, then the fact that there is a slight

defect in the ninth did no harm. Upon the whole case we are satisfied that the finding of the jury and the judgment of the court does substantial justice between the parties. The fact that this horse became lame and was diseased in his feet and legs is a breach of the warranty of unsoundness as defined in Kenner v. Harding, 85 Ill. 264.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*