ADOLPH BENNETT, Appellee, *vs.* THE CHICAGO CITY RAIL-
WAY COMPANY, Appellant.

*Opinion filed December 22, 1909—Rehearing denied Feb. 2, 1910.*

1. FELLOW-SERVANTS—*mere fact of being co-employees does not create the relation of fellow-servants.* To create the relation of fellow-servants it is not enough that the servants are employed by the same master, but it is necessary that they be brought into such relation, either by directly co-operating in the same work at the time of the injury or by their usual and habitual duties, that they may exercise an influence upon each other promotive of their mutual safety.

2. SAME—*fellow-servant rule is based in some measure upon personal relation.* While the relation of fellow-servants does not necessarily depend upon personal acquaintance or the length of time servants have worked together, yet the rule established in this State has as its basis, in some measure, such personal relation and association between servants as afford them opportunity and power to influence each other through proper caution, by counsel, advice or example, whether under the first or the second branch of the rule. (*Chicago City Railway Co.* v. *Leach,* 208 Ill. 198, distinguished.)

3. SAME—*whether the relation of fellow-servants exists is ordinarily a question of fact.* While the definition of the term "fellow-servants" is a question of law, yet the question whether the relation of fellow-servants exists in a particular case is ordinarily one of fact, and only becomes a question of law when there is no dispute with reference to the facts, and the evidence, with all legitimate inferences to be drawn therefrom, is such that all reasonable and intelligent men must reach the same conclusion.

4. SAME—*when question of relation of fellow-servants is one of fact.* Whether the conductor on a cable train and the motorman on an electric car were fellow-servants is a question of fact for the jury, where the evidence tends to show that though they were employed by the same company they worked on different lines, under different superintendents and out of different car barns, and that the meeting of their particular cars at the intersection where the accident occurred was by chance and not under a fixed schedule, though the intersection was a transfer point for the two lines and there were rules and customs as to crossing.

5. INSTRUCTIONS—*when giving instruction as to effect of witness being in employ of party is not harmful.* Giving an instruc-

tion at the request of the plaintiff authorizing the jury to consider the fact that any witness had been or was in the employ of the plaintiff or defendant in determining the weight to be given the testimony of such witness is not harmful to the defendant, even though the plaintiff had no employees, where the verdict is not inconsistent with the hypothesis that everything testified to by the defendant's witnesses was true.

6. EVIDENCE—*evidence tending to show that rule was customarily obeyed is not admissible.* Where a rule of the defendant street railway company requiring conductors to be upon the rear platform of their cars when crossing transfer points is in evidence, testimony tending to prove that such rule was customarily obeyed is not admissible, although the plaintiff, at the time he was injured while crossing a transfer point, was on the running-board at the side of his car, giving out transfers.

7. SAME—*when evidence as to what would be plaintiff's duty is not admissible.* In an action by a conductor of a cable train against his employer for damages for injuries in a collision due to the negligence of a co-employee on another line, it is not error to refuse to allow the plaintiff to be asked whether it would be his duty to report an act of negligence on the part of his co-employees, since if the defendant had any rule prescribing such duty the rule itself would be better evidence.

8. PLEADING—*effect where count fails to negative relation of fellow-servants.* In an action against the master by a servant, a count charging the plaintiff's injury to be the result of the negligence of a co-employee should negative the existence of the relation of fellow-servants, but a defect in that respect is cured by verdict and is not ground for a motion in arrest of judgment where the facts showing the relation of the parties are set out in such count, and the issue joined necessarily required proof of those facts on the trial.

9. ARREST OF JUDGMENT—*when verdict will not be set aside on motion in arrest.* Where there is an entire verdict on several counts the verdict will not be set aside, on motion in arrest of judgment, because the declaration contains a defective count, if there are one or more counts sufficient to sustain a verdict.

CARTWRIGHT, HAND and DUNN, JJ., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding.

S. S. PAGE, and C. LEROY BROWN, (JOHN R. HAR-
RINGTON, of counsel,) for appellant:

Merely being upon a train which collides with another
train, though both are operated by the defendant, does not
give a right of action to the person injured unless the de-
fendant was under some duty to that person. *Railroad Co.*
v. *O'Keefe,* 168 Ill. 115.

A declaration must allege facts which raise a duty from
a defendant to a plaintiff in order to make the negligence
therein charged actionable. *Mackey* v. *Milling Co.* 210 Ill.
115; *McAndrews* v. *Railway Co.* 222 id. 232.

The third count of the declaration stated no cause of
action, because it omitted to allege, directly or by intend-
ment, that the servant charged with negligence was not a
fellow-servant. *Steel Co.* v. *Shields,* 134 Ill. 209; *Railway
Co.* v. *Leach,* 208 id. 198; *Schillinger Bros. Co.* v. *Smith,*
225 id. 74; *Leeper* v. *Railway Co.* 162 id. 215.

The instructions which shifted the burden of proof to
the defendant on the fellow-servant issue were erroneous.
*Railway Co.* v. *Leach,* 208 Ill. 198; *Schillinger Bros. Co.*
v. *Smith,* 225 id. 74; *Swift & Co.* v. *Gaylord,* 229 id. 330;
*Terra Cotta Lumber Co.* v. *Hanley,* 214 id. 243.

The submission by defendant of the issue of fellow-
servants as one of fact is no waiver of defendant's right to
submit the question as one of law, on appeal. *Railroad Co.*
v. *Swift,* 213 Ill. 307; *Railroad Co.* v. *Schiavone,* 216
id. 275.

In determining whether servants are fellow-servants it
is the relation which exists at the very time of the occur-
rence that controls, as it matters not whether they have any
personal acquaintance or have worked together any consid-
erable length of time. *World's Columbian Exposition* v.
*Lehigh,* 196 Ill. 612; *Railway Co.* v. *Leach,* 208 id. 198.

Employees, though under different foremen, if habitu-
ally consociated in the performance of their duties, even
though they themselves do not work concurrent hours or

directly meet, are fellow-servants. *Railway Co.* v. *Leach,* 208 Ill. 198; *Railway Co.* v. *Driscoll,* 176 id. 330; *Steel Co.* v. *Coffey,* 205 id. 206; *World's Columbian Exposition* v. *Lehigh,* 196 id. 612.

Servants of different steam railroad trains, working in the same switch yard, or of different trains running upon the main road, are so habitually consociated as to be fellow-servants within the Illinois rule. *Crane Co.* v. *Hogan,* 228 Ill. 338; *Leeper* v. *Railroad Co.* 162 id. 215; *Railroad Co.* v. *Swisher,* 182 id. 533.

An instruction on contributory negligence is erroneous which ignores the question whether the injured person exercised ordinary care in getting into the position or situation in which he was when injured. *Lockport* v. *Licht,* 221 Ill. 35; *Railroad Co.* v. *Cossar,* 203 id. 608; *Railroad Co.* v. *Weldon,* 52 id. 290.

The court erred in refusing defendant's instructions concretely submitting as a question of fact whether Bennett's conduct in particular respects amounted to contributory negligence. *Railway Co.* v. *O'Donnell,* 208 Ill. 267; *Fowler* v. *Railroad Co.* 234 id. 619.

Plaintiff's instruction No. 4 was erroneous because it misled the jury into believing that the testimony of defendant's employees was to be discredited on the ground of an alleged interest in the result of the suit. *Railroad Co.* v. *Burridge,* 211 Ill. 9.

James E. McGrath, for appellee:

The general rule is, that on demurrer the declaration is construed against the pleader but after verdict all intendments and presumptions are in its favor. *Sargent Co.* v. *Baublis,* 215 Ill. 428; *Railway Co.* v. *Shreve,* 226 id. 530.

Matters of evidence and facts proved cannot be considered in connection with the question whether or not the declaration states a cause of action. *Foundry Co.* v. *Hill,* 226 Ill. 227.

The first count charged defendant with negligently operating its car in a public street and thereby injuring plaintiff, who was passing over an intersecting public street and in the exercise of reasonable care. This is a sufficient allegation of negligence. It would have been good even on demurrer. *Railway Co.* v. *Jennings,* 157 Ill. 274; *Railway Co.* v. *Shreve,* 226 id. 530.

The duty imposed upon defendant not to negligently injure plaintiff, under the first count, did not arise through the relation of passenger and carrier, licensor and licensee or master and servant, but by reason of duty imposed by law on all persons running vehicles in public streets to exercise reasonable care not to injure other persons in the street. The third count stated the facts showing the relation existing between plaintiff and the other servant whose negligence is alleged to have caused the injury. It was unnecessary to allege in specific terms that the two were not fellow-servants. The allegation was sufficient. *Railway Co.* v. *Leach,* 182 Ill. 359; *Railroad Co.* v. *Swan,* 176 id. 424; *Railroad Co.* v. *Hawthorn,* 147 id. 266.

The definition of fellow-servants is for the court. Whether employees of the common master fall within the definition is a question of fact for the jury. *Hartley* v. *Railroad Co.* 197 Ill. 440.

Servant's occasionally coming into contact are not thereby brought within the fellow-servant rule. Their usual duties must be such as to bring them into habitual association to make them fellow-servants under that branch of the rule. *Railroad Co.* v. *O'Brien,* 155 Ill. 630; *Railroad Co.* v. *Wise,* 206 id. 453.

The question of the existence of the relation of fellow-servants is a question of law only when there is no dispute as to the facts, and all legitimate inferences therefrom are such that all reasonable minds must reach the same conclusion. *Railway Co.* v. *Marshall,* 210 Ill. 562; *Railroad Co.* v. *Strong,* 228 id. 281.

Even where there is little or no conflict in the testimony, it is still for the jury to apply the law, as defined by the court, to the facts as established by the evidence. *Railroad Co.* v. *Hawthorn,* 147 Ill. 226; *Railroad Co.* v. *Massey,* 152 id. 144.

The mere fact that the duties of two servants are such that the negligent act of one may cause an injury to the other does not necessarily bring them within the fellow-servant rule. *Coal Co.* v. *Patting,* 210 Ill. 342; *Coal Co.* v. *Cioni,* 215 id. 583; *Duffy* v. *Kivilin,* 195 id. 630.

Where two servants are employed in different departments in the master's service and one is injured by negligence of the other, whether they are fellow-servants is a question of fact for the jury on the evidence, and the verdict is conclusive to the same extent as on any other question of fact. The same rule logically applies to two servants employed in different divisions of a railway system. *Railroad Co.* v. *White,* 209 Ill. 124; *Railroad Co.* v. *House,* 172 id. 601; *Steel Co.* v. *Bauman,* 178 id. 351.

Whether a conductor on one car and a motorman on another car, but not immediately following each other, are fellow-servants is properly submitted to the jury as a question of fact. *Traction Co.* v. *Sawusch,* 218 Ill. 130.

It is not negligence *per se* for the conductor of a street car to be upon the foot-board collecting fares while passing over an intersection. It is a question of fact for the jury. *Ice Co.* v. *Benedix,* 206 Ill. 362.

Appellee was justified in assuming that the rules would be obeyed by the motorman of the Sixty-third street car and governing his own actions on that assumption. *Railroad Co.* v. *Kelly,* 182 Ill. 267.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action on the case brought by the appellee against appellant in the superior court of Cook county for injuries alleged to have occurred on the afternoon of June

14, 1902. A judgment for appellee was recovered in the trial court, which, on appeal, was affirmed by the Appellate Court, and the record is brought here by appeal for further review.

At the close of appellee's evidence, and again at the close of all the evidence, appellant requested the court to direct a verdict in its favor as to each of the five counts in the declaration. This last motion was sustained as to the second, fourth and fifth counts and overruled as to the first and third counts, and the case was submitted to the jury on the two last named counts. It is contended that the instructions as to both these counts should have been given because the court should have held, under the facts in this case, as a matter of law, that appellee was a fellow-servant with the person whose negligence caused his injury.

On the date of the accident the appellant was operating double track street railways on Cottage Grove avenue and Sixty-third street, which crossed each other at right angles, Sixty-third street running east and west and Cottage Grove avenue north and south. The cars on Cottage Grove avenue were operated by a cable and ran out of car barns at Thirty-ninth street and Cottage Grove avenue. The employees on that line were under the control and direction of James H. Flynn, as superintendent. The Sixty-third street cars were operated by electricity and were sent from car barns at Sixty-first and State streets, and the employees of this line were under the control and direction of another superintendent than Mr. Flynn. At the time of the accident appellee was conductor on the rear car of a Cottage Grove avenue train consisting of a grip-car and two open passenger cars, the seats of which extended cross-wise of the cars. Under the rules of the company it was appellee's duty to be upon the rear platform at crossings and intersections, so as to observe teams or other obstructions upon the track and avoid collisions or other danger. It was, however, also his duty to look after his passengers,

collect fares and give transfers. In order to discharge
these duties it was necessary for him to pass from one end
of the car to the other on the running-board. Appellee
was on the running-board on the west side of his car, col-
lecting fares and giving out transfers, with his face to the
car and his back to the west, when the Sixty-third street
intersection was being crossed. By the rules of the com-
pany the cable trains on Cottage Grove avenue had the
right of way at the crossing, and if cars on the two dif-
ferent lines arrived at the crossing at the same time, it was
the duty of the motorman on the Sixty-third street car to
stop and let the cable train pass. The evidence tends to
show that sometimes a Cottage Grove car would find its
track near the crossing obstructed by teams or otherwise,
and in such case if a trolley car was waiting the gripman on
the Cottage Grove avenue car would indicate, by nodding
his head to the motorman on the trolley car, that he might
cross ahead of the cable car. When an electric car stopped
to permit a cable car to clear the crossing the cars would
not ordinarily be closer than forty feet to each other. There
is no evidence of any communication between the em-
ployees on the two car lines, except the occasional indica-
tion that might be given by the gripman on the Cottage
Grove car to the motorman to pass ahead across the inter-
section, as stated above. The evidence shows that while
the Cottage Grove avenue car on which appellee was con-
ductor was passing over the intersection and going not to
exceed two miles per hour, having slowed down to make
a stop on the south side of Sixty-third street, an electric
car going east on Sixty-third street ran into the Cottage
Grove avenue car, injuring appellee severely. The evidence
also tends to show that when a short distance from Cot-
tage Grove avenue the motorman made an attempt to stop
the trolley car, but the tracks were so greasy and slippery
that the car did not respond readily to the brake. There
was an elevated railroad on Sixty-third street, which con-

tributed to keep the tracks greasy and slippery. The motorman applied the brakes, but the wheels kept sliding. He then reversed the power and put sand on the track and made every effort to stop the car, which gradually slowed down but continued moving slowly eastward, running into the last car of the cable train and striking appellee, who was standing on the running-board. On this state of facts were appellee and the motorman on the Sixty-third street car fellow-servants as a matter of law?

Whether two persons, servants of a common master in a given case, are fellow-servants is a mixed question of law and fact. (*Lake Erie and Western Railroad Co.* v. *Middleton,* 142 Ill. 550.) The definition of fellow-servants is a question of law. (*Indianapolis and St. Louis Railroad Co.* v. *Morgenstern,* 106 Ill. 216; *Hartley* v. *Chicago and Alton Railroad Co.* 197 id. 440.) The question of the relation of fellow-servants is ordinarily one of fact, and only becomes a question of law when there is no dispute with reference to the facts, and the evidence, with all legitimate inferences to be drawn therefrom, is such that all reasonable and intelligent men must reach the same conclusion. (*Illinois Southern Railway Co.* v. *Marshall,* 210 Ill. 562; *Chicago, Rock Island and Pacific Railway Co.* v. *Strong,* 228 id. 281; *Chicago and Eastern Illinois Railroad Co.* v. *Driscoll,* 176 id. 330.) By the decisions in this State the exemption of the master from liability is confined within narrower limits than those usually recognized by other courts. Under the rule as laid down in this State, to create the relation of fellow-servants the servants must be directly co-operating with each other in a particular work at the time of the injury, or their usual duties must be such as to bring them into habitual association so as to afford them the power and opportunity of exercising a mutual influence upon each other promotive of proper caution. (*North Chicago Rolling Mill Co.* v. *Johnson,* 114 Ill. 57.) The reasons for this doctrine were fully discussed and the

authorities reviewed by this court in *Chicago and North-western Railroad Co.* v. *Moranda,* 93 Ill. 302, and that rule has been consistently followed by this court since that time. In that case it was said that the rule of *respondeat superior* rested upon the consideration of public policy and is founded on the expediency of placing the risk upon those who can best guard against it, and that the liability of the master turned upon the same consideration. In *Chicago City Railway Co.* v. *Leach,* 208 Ill. 198, this court said on this subject (p. 205): "This is the principle underlying the application of the doctrine whether it was adopted on grounds of public policy or because the risk is assumed by the servant in entering the service, and the relation is made to depend upon the existence of association between servants which enables them, better than the employer, to guard against risks or accidents resulting from the negligence of each other."

It is not claimed by counsel for appellant that appellee was a fellow-servant of the motorman on the electric car under the first branch of this rule, but it is insisted that under the second branch the two men were fellow-servants as a matter of law. It is argued that this relationship does not rest upon the personal acquaintance between appellee and the motorman, but upon whether the classes of employees to which they respectively belong are fellow-servants. Under the decisions in this State the relationship of fellow-servants does not necessarily depend upon personal acquaintanceship alone, or the length of time persons have worked together. (*World's Columbian Exposition* v. *Lehigh,* 196 Ill. 612; *Chicago City Railway Co.* v. *Leach, supra; Chicago and Eastern Illinois Railroad Co.* v. *White,* 209 Ill. 124.) The rule established in this State holding that certain persons are fellow-servants, however, has as its basis, in some measure at least, such personal relation and association between them as to afford an opportunity and power to influence each other through proper caution,

by counsel, advice or example, whether under the first or the second branch of the rule. (*Pagels* v. *Meyer,* 193 Ill. 172.) This court in that case said (p. 179): "Where they are brought together in direct co-operation in the performance of a particular work * * * they have such opportunity and power and are brought within the relation required by the rule. Where their usual duties bring them into habitual association, the association must be sufficiently personal to furnish the same opportunity and power to exercise an influence upon each other promotive of proper caution."

It is most earnestly urged by appellant that under the reasoning of this court in *Chicago City Railway Co.* v. *Leach, supra,* the motormen and conductors on the Sixty-third street line, as a matter of law, were fellow-servants with the gripmen and conductors of the Cottage Grove avenue line under the second branch of this rule, and that therefore the motorman here in question and appellee necessarily were fellow-servants under that branch of the rule.

An examination of the authorities shows that it is not always easy to define who are to be considered as fellow-servants, within the rule laid down by this court. Doubtful cases may arise in which it will be difficult to say, as a matter of law, whether or not certain persons are fellow-servants. It may be true that there are expressions in the various cases on this subject which, without reference to the special facts in the given case, may seem incapable of being reconciled, but we think there is no real conflict in the decisions, viewed in the light of each particular set of facts. Under the decisions it is not sufficient to constitute two persons fellow-servants simply that they are working for the same master, but they must be brought into such relation, either by directly co-operating in the same work at the time of the injury or by their usual and habitual duties, that they may exercise an influence upon each other promotive of their mutual safety. In addition to the

authorities already cited the following, among many others, sustain this rule: *Chicago and Northwestern Railway Co. v. Moranda,* 108 Ill. 576; *Chicago and Eastern Illinois Railroad Co. v. Geary,* 110 id. 383; *Abend v. Terre Haute and Indianapolis Railroad Co.* 111 id. 202; *Chicago and Alton Railroad Co. v. Hoyt,* 122 id. 369; *Mobile and Ohio Railroad Co. v. Massie,* 152 id. 144; *Louisville, Evansville and St. Louis Railroad Co. v. Hawthorn,* 147 id. 226; *Chicago and Alton Railroad Co. v. O'Brien,* 155 id. 630; *Leeper v. Terre Haute and Indianapolis Railroad Co.* 162 id. 215; *Chicago and Alton Railroad Co. v. House,* 172 id. 601; *Meyer v. Illinois Central Railroad Co.* 177 id. 591; *Duffy v. Kivilin,* 195 id. 630; *Chicago and Alton Railroad Co. v. Wise,* 206 id. 453; *Indiana, Illinois and Iowa Railroad Co. v. Otstot,* 212 id. 429; *Illinois Steel Co. v. Ziemkowski,* 220 id. 324.

The facts in this case are readily distinguishable from those in the *Leach case, supra.* In that case the grip-car and trailer of one servant ran immediately behind the grip-car and trailer of the other servant, and it was the duty of the one servant so to manage his grip-car and trailer as not to run into the train immediately in front of him. The duties of the employees on the two trains were such as to bring them into habitual association, so they would have an opportunity to influence each other by advice and caution. Then, too, they ran out of the same car barn and were under the control and direction of the same superintendent. In this case there was nothing in the rules of the company under which the two car lines were operated which required the meeting of the cars at this crossing. While such meeting was reasonably to be expected occasionally, when it occurred it was by mere chance and not in accordance with any fixed rule. In other words, the two lines were not operated on a schedule requiring particular trains to connect and exchange passengers at this crossing. It is true, the rules provided that when two trains on these

two lines met at Sixty-third street and Cottage Grove avenue the Cottage Grove avenue cars should usually have the right of way, but the proof showed that sometimes, when trains thus met at the crossing, upon a signal from the Cottage Grove avenue gripman the motorman on the Sixty-third street car would run his car across ahead of the Cottage Grove avenue car. The rules of the company made no provision on this latter point, and it was purely a question of proof as to the practice among the trainmen of the two lines. The trainmen of the two different lines ran out of different barns and were under different superintendents. Even though it be conceded that whether the appellee and the motorman on the Sixty-third street line were fellow-servants depends upon whether the trainmen on the Sixty-third street line, considered as a class, were fellow-servants of the trainmen on the Cottage Grove avenue line, still it could not be held, as a matter of law, that appellee and the motorman were fellow-servants. All reasonable minds would not reach the same conclusion on this question on the facts in this case. That question was therefore one of fact that was properly submitted to the jury.

Appellant further contends that the court, in giving instructions 8 and 9, erred, because these instructions erroneously shifted the burden of proof on the fellow-servant question. We are disposed to think the instructions are not open to this criticism. Furthermore, the jury were correctly instructed as to the burden of proof in other instructions given on behalf of appellant. Taking all the instructions together we do not think the jury were misled on this question.

Appellant further contends that the court committed error in refusing to direct a verdict in its favor because appellee was guilty of contributory negligence in being on the running-board of the car at the time he was injured. On this record it was a question of fact for the jury

whether the circumstances shown excused appellee for being in the position he occupied or whether he was guilty of such negligence as would prevent a recovery.

It is further contended that the court erred in instructing the jury, at the request of appellee, that they might consider the fact that any witness in the case had been or was in the employ of the plaintiff or defendant in determining the weight that ought to be given the testimony of such witness. This instruction was given in *Donley* v. *Dougherty,* 174 Ill. 582, and it was there held, on the facts in that case, that the court did not commit substantial or reversible error in so doing. We are disposed to hold that the instruction is not accurate. Under some conditions this court might feel that it was so far misleading as to require a reversal of the judgment, but in the case at bar we think it is obvious that no harm resulted to appellant from its being given. The verdict of the jury is not inconsistent with the hypothesis that everything testified to by appellant's witnesses is absolutely true.

Appellant also contends that the court committed error in the admission and exclusion of evidence. It is argued that the court erred in refusing to allow appellant to ask appellee whether it would be his duty to report an act of negligence on the part of the gripman, motorman or conductor. If appellant had any rule prescribing such duty the rule would have been better evidence. There was no error in this ruling.

It is also insisted that the court erred in refusing to allow appellant to prove that it was the general custom of conductors to be upon the rear platforms of their cars at the time they were crossing transfer points. Appellant's rule upon this subject was put in evidence, and the proffered evidence was nothing more than an attempt to show that the conductors customarily obeyed the rule. Such proof would not have added anything to the force of the

rule. Had there been any contention that the rule was habitually violated with the knowledge of the company, then such evidence as to custom might have been pertinent.

A motion was made in arrest of judgment, based on the contention that neither of the two counts upon which the cause was submitted to the jury was sufficient to support the judgment. The only objection pointed out to the third count is its omission to aver, in express language, that the servant through whose negligence appellee was injured was not a fellow-servant with him. This count should have so stated. (*Schillinger Bros. Co.* v. *Smith,* 225 Ill. 74.) While in this respect the declaration was demurrable, it does not offer any reason for arresting the judgment after verdict. The facts showing the relation of the parties are fully set out in this count, and the issue joined was such as necessarily required, on the trial, proof of these facts. The defect in this count was therefore cured by the verdict. (*Cribben* v. *Callaghan,* 156 Ill. 549; *Chicago and Alton Railroad Co.* v. *Swan,* 176 id. 424; 1 Chitty's Pl.—7th Am. ed.—722; *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 Ill. 161; *Sargent Co.* v. *Baublis,* 215 id. 428.) This being so, we do not find it necessary to decide as to the sufficiency of the first count when questioned on motion in arrest of judgment. Where there is an entire verdict on several, counts, the verdict will not be set aside because the declaration contains a defective count if there are one or more counts sufficient to sustain a verdict. *Consolidated Coal Co.* v. *Scheiber,* 167 Ill. 539; *Illinois Central Railroad Co.* v. *Weiland,* 179 id. 609; *Baltimore and Ohio Southwestern Railway Co.* v. *Keck,* 185 id. 400; *Swift & Co.* v. *Rutkowski,* 182 id. 18.

We think we have covered all the material points raised and insisted upon as error.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

CARTWRIGHT and HAND, JJ., dissenting:

The defendant asked the court to instruct the jury that the plaintiff had failed to make out a case under the first count of his declaration and that the jury should disregard that count. The court refused to give the instruction and the defendant excepted. That count did not allege that the plaintiff was an employee of the defendant, but averred that the defendant was possessed of the intersecting street railway tracks in the streets; that while a train of street cars on Cottage Grove avenue was passing over the intersection at Sixty-third street, the defendant, by its servants, negligently operated and propelled a street car on Sixty-third street so that it ran into and struck said train of cars, and that the plaintiff was then and there standing upon one of the cars of said train and in the exercise of due care for his own safety, and was struck and injured. It alleged that while the plaintiff was standing on one car of defendant he was struck by another car, but it did not allege that he was a passenger, that he was rightfully on the car, or any other fact which would raise a duty on the part of defendant to observe care for his safety. If it was a fact that he was on the street car as a trespasser it would have been entirely consistent with the allegations of that count. As it did not state any cause of action the court erred in refusing to instruct the jury to disregard it, and in advising the jury, in substance, by the second instruction, that the plaintiff could recover if he had made out his case by a preponderance of the evidence as laid in the declaration, which included the first count. That count did not disclose the relation existing between the parties, but the evidence introduced by the plaintiff showed that he was a conductor in the employ of defendant and engaged in its service, and that the injury was occasioned by an electric car on Sixty-third street, under the management and control of other servants of the common master. When the evidence es-

tablished the relation between the parties, the law regulating the duties and obligations between master and servant governed and fixed the rights of the parties. Whatever duties the defendant owed to the plaintiff were the duties of a master toward a servant, which that count failed to allege, and if the count had been good the evidence did not sustain it.

A similar request and instruction were tendered as to the third count, which alleged that the defendant was possessed of the railway tracks which intersected each other at the street crossing; that it operated a train of street cars upon the tracks in Cottage Grove avenue and a trolley car along the tracks on Sixty-third street, which train and trolley car were both in charge of its servants; that the plaintiff was a servant of defendant as conductor on the rear car of the Cottage Grove avenue train; that the trolley car was operated by a servant employed by defendant as a motorman, and that the motorman negligently operated and managed the trolley car on Sixty-third street so that it ran into and struck said rear car on the Cottage Grove avenue train and injured plaintiff, who was in the exercise of due care for his own safety. It alleged that the plaintiff was injured through the negligence of another servant of the common master, and did not allege that they were not fellow-servants, either by a direct averment of that fact or by such statement of their duties as would show that they were not fellow-servants. In order to state a cause of action it was necessary to allege, directly or by intendment, that the servant charged with negligence was not a fellow-servant. (*Joliet Steel Co.* v. *Shields,* 134 Ill. 209; *Schillinger Bros. Co.* v. *Smith,* 225 id. 74.) The court erred in not instructing the jury to disregard that count, and neither of the counts on which the case was submitted to the jury stated a good cause of action. On the motions to disregard those counts the court could not consider the question that either would be good after verdict.

The defendant also presented to the court, at the close of all the evidence, a motion in writing asking the court to instruct the jury to find it not guilty, and presented a written instruction to that effect, which was refused. We think the instruction should have been given, for the reason that the evidence conclusively proved that the plaintiff and motorman were fellow-servants. The facts upon which the relation depended were not controverted, and we do not see how different conclusions could be drawn from them. The intersection of the tracks was at a transfer point, which the cars frequently crossed. There were rules of the defendant regulating the duties and conduct of the servants in charge of the defendant's cars. If two cars arrived at the crossing at the same time the cable train had the right of way, and it was the duty of the motorman to stop the electric car and let the cable train pass. If the electric car arrived at the crossing far enough in advance of a cable train to permit crossing with safety it would proceed over the crossing. If the way in front of the cable train was obstructed or there was doubt or uncertainty whether the electric car should attempt the crossing, it was the custom for the motorman and gripman to signal each other. There was no controversy over the fact that the trainmen on the Sixty-third street line and the trainmen on the Cottage Grove avenue line were crossing the intersection very frequently, and were liable to meet there any minute, day or night, in the performance of their duties, nor that each set of trainmen had every opportunity to observe the manner in which their respective duties were performed at the intersection, in accordance with the established rules or by means of signals, nor that the safety of one train crew depended upon the care, caution and obedience to the rules of the other. The fact that the electric cars were kept in one barn and the grip-cars in another as a matter of necessity, and that they started from such barns, is of no more significance than the fact that two

engines in a switch yard are kept in different round-houses. Of course, the electric car could not run on a cable or a cable car by means of a trolley, but whether the barns were close together or not was of no importance. The fact that the men started from such separate barns no more determined their relations when performing their usual duties than would the fact that they lodged at different houses or lived at separate places when not at work. The fact that they were under different foremen did not affect their relation, if the duties of the trainmen on the electric car line and those on the cable car line brought them into habitual association, so that they might exercise influence over each other promotive of proper caution. (*Chicago and Eastern Illinois Railroad Co.* v. *Driscoll,* 176 Ill. 330; *Illinois Steel Co.* v. *Coffey,* 205 id. 206.) The fact of personal acquaintance or individual association does not determine the relation. *World's Columbian Exposition* v. *Lehigh,* 196 Ill. 612; *Illinois Steel Co.* v. *Coffey, supra; Chicago City Railway Co.* v. *Leach,* 208 Ill. 198; *Chicago and Eastern Illinois Railroad Co.* v. *White,* 209 id. 124; *Chicago Union Traction Co.* v. *Sawusch,* 218 id. 130.

The conductor and motorman in this case were not employed in different departments of the service but were in the same department. What constitutes different departments of railway service is clearly shown by numerous decisions which illustrate the doctrine, among which are the following: A brakeman on the road and foreman of a round-house.—*Chicago and Alton Railroad Co.* v. *Shannon,* 43 Ill. 338. A locomotive fireman and track repairers.—*Chicago and Northwestern Railway Co.* v. *Swett,* 45 Ill. 197. A brakeman and men placing an awning at a station.—*Illinois Central Railroad Co.* v. *Welch,* 52 Ill. 183. A brakeman and car inspectors.—*Chicago and Northwestern Railway Co.* v. *Jackson,* 55 Ill. 492. A fireman and servants placing a mail-catcher too near the track.— *Chicago, Burlington and Quincy Railroad Co.* v. *Gregory,*

58 Ill. 272. A carpenter and locomotive engineeer.—*Ryan* v. *Chicago and Northwestern Railway Co.* 60 Ill. 171. A switchman and car inspectors.—*Toledo, Wabash and Western Railway Co.* v. *Fredericks*, 71 Ill. 294. A track repairer and locomotive engineer.—*Pittsburgh, Ft. Wayne and Chicago Railway Co.* v. *Powers*, 74 Ill. 341, and *Toledo, Wabash and Western Railway Co.* v. *O'Connor*, 77 id. 391. A section hand and train crew.—*Chicago and Northwestern Railway Co.* v. *Moranda*, 93 Ill. 302. A common laborer under the control of the assistant foreman of a rolling mill and other servants under the control of the yardmaster in a switch yard.—*North Chicago Rolling Mill Co.* v. *Johnson*, 114 Ill. 57. A section hand at a station in his usual labors and those in charge of a construction train.—*Chicago and Alton Railroad Co.* v. *Kelly*, 127 Ill. 637. A section foreman repairing a bridge and a train crew.—*Peoria, Decatur and Evansville Railway Co.* v. *Rice*, 144 Ill. 227. A fence builder and a locomotive engineer.—*Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Hawthorn*, 147 Ill. 226. A wrecking crew and gripman.—*West Chicago Street Railway Co.* v. *Dwyer*, 162 Ill. 482. Not only were the plaintiff and motorman servants of the defendant operating in the same department of the service, but the evidence was uncontroverted that the men on the two lines were in the habit of meeting at the intersection and might be expected to meet there at any time, and that the men on one line had every opportunity to observe the manner in which the men on the other line performed their usual duties. We do not see how it could be said that different conclusions could be drawn from such state of facts.

The court instructed the jury, at the request of plaintiff, that they might consider the fact that any witness was, or had been, in the employ of either plaintiff or defendant in determining the weight which ought to be given to the testimony of such witness. No employee of the plaintiff

testified, and the only witnesses to which the instruction applied or was intended to apply were witnesses of the defendant. The employee may have no interest whatever in the result of a suit, and the fact that he is employed does not establish such interest or justify the jury in discrediting him. The testimony of an employee is to be treated the same as that of any other witness, (*Cicero and Proviso Street Railway Co.* v. *Rollins,* 195 Ill. 219,) and in this case there was an absence of any possible interest in any employee who testified. The instruction would have the effect to discredit the testimony of the motorman as to his efforts to stop the car, and the testimony of other employees of the defendant that it was the duty of a conductor to give out transfers before he came to the transfer point, so that he would be on the rear platform in compliance with the rules of the defendant, and that the plaintiff was guilty of negligence in being where he was.

In our opinion the judgments of the Appellate Court and superior court ought to be reversed.

Mr. Justice Dunn, also dissenting.