### Fred F. Roberts, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 17,843.

1. EVIDENCE—*instruction as to interest of witnesses.* In an action against a street railway for wrongful death, where the only witnesses for defendant are the motorman and conductor of the car which struck deceased, it is not prejudicial error to instruct that the relation between any witness and either party and any interest the witness may have in the result of the suit may be considered in determining the weight which ought to be given to his testimony, taking it in connection with all the other evidence in the case and the facts and circumstances proved upon the trial.

2. NEGLIGENCE—*instructions.* In an action against a street railway company for wrongful death, an instruction is not erroneously given, where it is preceded by instructions stating in almost every possible form the duty resting on deceased, which states that if a person without fault on his part is confronted with a sudden danger or apparent sudden danger, his obligation to exercise ordinary care for his safety does not necessarily require him to act with the same deliberation and foresight which might be required under ordinary circumstances.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. BENJAMIN W. POPE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed February 13, 1913. Rehearing denied February 27, 1913.

SAMUEL S. PAGE and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

LEE & LEE and CHARLES C. SPENCER, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

About six o'clock on the evening of June 6, 1908, plaintiff's intestate, a man fifty-two years of age and in the employ of the "Inter Ocean" as a pressman, was struck by a south-bound car of appellant, hereinafter called defendant, while crossing Clark street, Chicago, about thirty feet north of the north line of Monroe street, and sustained injuries from which he died the same evening. The case was tried before a jury and on April 18, 1911, the jury returned a verdict finding the defendant guilty and assessing plaintiff's damages at the sum of $5,000, upon which verdict the court subsequently entered judgment.

The declaration at the time of the trial consisted of two counts. The first count charged that while plaintiff's intestate, with all due care and diligence, was crossing said Clark street, at etc., defendant "so carelessly and improperly drove and managed the said car in a southerly direction that by and through the negligence * * * of the defendant * * * the said car then and there ran into and struck" plaintiff's intestate, etc. The second count charged that defendant was operating a double track street railway upon Clark street, and was running two certain cars, one in a southerly direction and another in a northerly direction at or near where Clark street intersects with Monroe street, and that while plaintiff's intestate was walking upon said Clark street, at or near said intersection, and while he was in the exercise of due care, etc., the defendant "so carelessly and improperly drove and managed the said north-bound car and the said south-bound car that by and through the negli-

gence * * * of the defendant * * * one of the said cars, to-wit: the said south-bound car, then and there ran into and against plaintiff's intestate," etc.

The testimony of plaintiff's witnesses tended to show that when Smith left the west sidewalk of Clark street and started to cross that street, in a southeasterly direction, at a point about thirty feet north of the north line of Monroe street, the north-bound car of defendant was standing still on Clark street immediately south of Monroe street, and the south-bound car was at a point on Clark street, near Madison street, moving south, a considerable distance away; that during the time Smith was so attempting to cross Clark street, until he was struck, he was walking "pretty fast;" that the north-bound car approached at a rapid rate of speed, not sounding any gong until Smith had crossed the south-bound track and had reached the west rail of the north-bound track and until said car was within ten feet of Smith; that on hearing the sudden ringing of the gong of that car, Smith stopped, turned, and started to go back across the south-bound track, when he was struck by the south-bound car which had also approached at a rapid rate of speed and without warning. Only two witnesses were introduced on behalf of the defendant, the motorman and the conductor of the south-bound car, and their testimony was to the effect that the south-bound car was moving at a rate of about five miles an hour, with its gong ringing frequently; that when Smith started to cross Clark street at "a fair trot" there was nothing between him and the approaching south-bound car, and "apparently he did not look towards the car at all while he was going;" that when the motorman of the south-bound car saw that Smith intended to cross the tracks, he immediately sounded his gong vigorously, "used the sand and the brake," but was unable to stop the car in time, and the southwest corner of the south-bound car hit Smith just as he reached the south-bound track.

Counsel for defendant urge that the judgment be reversed because (1) the verdict is not justified by the evidence in that the evidence shows that the defendant was not guilty of negligence, and that the deceased was guilty of such contributory negligence as bars a recovery, and (2) that the court erred in giving certain instructions.

It would serve no useful purpose to review in detail the testimony of the several witnesses. Suffice it to say that, after a careful examination of the evidence, we cannot say that the defendant was not guilty of the negligence charged, or that the deceased was guilty of such contributory negligence as bars a recovery. Under the evidence in this case, the questions whether the defendant was guilty of negligence as charged, or whether the deceased was guilty of contributory negligence, were questions for the jury, and we are not disposed to disturb the verdict and judgment.

Counsel urge that the court erred in giving to the jury, at plaintiff's request, the following instruction:

"The jury are instructed that the relation which exists between any witness and either party, if any, in this suit, and any interest the witness may have in the result of the suit, if any, may be considered by the jury in determining the weight which ought to be given to the testimony of such witness or witnesses, taking the same in connection with all the other evidence in the case, and the facts and circumstances proved upon the trial."

We do not think that the giving of this instruction, under the evidence in this case, was error prejudicial to the defendant. Illinois Cent. R. Co. v. Haskins, 115 Ill. 300, 308; Donley v. Dougherty, 174 Ill. 582, 584; Bennett v. Chicago City Ry. Co., 243 Ill. 420, 433; Pusateri v. Chicago City Ry. Co., 156 Ill. App. 578, 585.

Counsel also urge that the court erred in giving the following instruction offered by plaintiff:

"The court instructs the jury that if a person, with-

out any fault on his part, is confronted with sudden danger or apparent sudden danger, the obligation resting upon him to exercise ordinary care for his own safety does not necessarily require him to act at such time with the same deliberation and foresight which might be required under ordinary circumstances.''

We think that this instruction states a correct abstract proposition of law (Chicago Union Traction Co. v. Newmiller, 215 Ill. 383, 387), which it was not error to give unless it was misleading. It was given in a long series of instructions, was number 37 of that series, and was preceded by other instructions, numbered 3, 13, 14, 15, 19, 29 and 31, which were given at the request of the defendant, and which state in almost every possible form the duty resting upon the deceased in order to be without fault on his part. Under such circumstances we cannot believe that a jury of ordinary intelligence could have been misled by the instruction.

Nor do we think, in view of other instructions given by the court at the request of the defendant, that the court erred in modifying instruction No. 1 offered by defendant and giving the same to the jury as modified.

The judgment of the Superior Court is affirmed.

*Affirmed.*

MR. JUSTICE MCSURELY dissents.