FRANCIS HONNER, Plaintiff in Error, *v.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Defendants in Error.

### ERROR TO COOK.

The principal is not liable to one servant for the carelessness of another servant, where both are engaged in his business.

An action will not lie by a servant against his principal for injuries sustained by the carelessness of his fellow servants.

The doctrine of *respondeat superior* does not extend to the case of an injury received by one servant through the carelessness of another.

THIS cause was heard at May term, 1854, of the Cook Circuit Court, MORRIS, Judge, presiding. A demurrer was sustained to the declaration, and the plaintiff brought the cause to this court.

ARNOLD, LARNED, and LAY, for plaintiff in error, cited 20 Ohio, R. 415; 14 Howard's U. S. R. 468; 15 Barb. S. C. R. 577; 4 Met. 62; 1 McMull. R. 401; 1 Georgia, R. 198; Law Lib. p. 160.

BLACKWELL & BECKWITH, for defendants in error.

CATON, J. The question in this case arises on a demurrer to the declaration, which was sustained by the court below. The

declaration states that the defendants had a turntable with an iron bar attached, for the purpose of turning locomotives and cars, and that the plaintiff, who was in the employ of the defendants, was engaged with the other servants of the defendants in using said turntable and iron bar, and that the said defendants " then and there, by their said agents and servants, so carelessly and improperly made, secured, and guarded and managed the said turntable and iron bar, and the other appurtenances attached to the said turntable, that by and through the carelessness and improper conduct and management of the said defendants by their said agents and servants, the said iron bar attached to said turntable as aforesaid, while the said plaintiff was engaged as aforesaid, in turning the same, broke, and was thrown with great violence upon and against the said plaintiff, whereby " the plaintiff was injured.

Until very recently actions of this character have never been brought, or at least are not to be met with in the books. Since the introduction of railroads, however, several are to be met with, both in the reports of this country and of England, and with one exception, if, indeed, that be an exception, they have been uniformly decided against the right to maintain the action. The question simply is, whether the principal is liable to one servant for the carelessness of another servant, when both are engaged in the business of the principal. Indeed, I may be wrong in saying that that is the question in this case, for in truth the declaration here does .not state so strong a case for the plaintiff as that which is involved in the question which I have stated, and which arose in the reported cases, for this declaration, fairly construed, shows that the accident happened as well through the carelessness of the plaintiff, as the other servants of the defendants, who were employed with him in working the turntable, and if that was the case, his own carelessness presents an insuperable objection to his right of recovery. But waiving that objection, and taking it for granted that the injury arose solely from the carelessness of his fellow servants, and we think the action cannot be maintained. After carefully examining all the reported cases on this question, I only think it necessary to refer to Farwell *v.* Boston and Worcester Railroad Corporation, 4 Met. 49, where the whole argument upon the question is embodied in the opinion of Chief-Justice Shaw. It is there clearly shown that the doctrine of *respondeat superior* does not extend to the case of an injury received by one servant through the carelessness of another servant, but that if he has any such claim it must rest upon contract, express or im-

plied.   There are certain perils incident to all employments, and which both parties have in view when the engagement for service is made, and in view of which the compensation is fixed; and especially in a railroad service, the amount of hazard must depend very much upon the skill and care of the servants of the company, and injuries to other servants arising from the want of proper care and skill, are deemed casualties, which the employer does not undertake to insure against, but for which he pays a premium in enhanced wages to the servant in view of those very risks, which both know the servant must run.   The general expressions in this declaration leave it very uncertain whether the accident happened from a flaw in the iron bar, or from imperfect fastenings by which it was attached to the turntable, or solely from the improper and careless proceeding of those who used it.   There is no pretence that the defendants, or, in case of a corporation like this, its superintendent or representative and manager, which I should be inclined to regard in the same light, knew of any such defect in the bar or fastening.   If there was a concealed defect it can hardly be pretended that the defendants or superintendent was bound to know it by intuition, and if there was a patent defect, surely the plaintiff had as good an opportunity of discovering it as the defendants, and was at least as guilty of neglect in not observing it.   As between these parties, this accident must be treated as a pure casualty, where the misfortune must rest upon whom it has fallen.   It may be said to be the duty of the defendants to furnish good and well made machinery, and to lay down sound rails, and that there is an implied contract with their servants that they will do so, and yet it cannot be held to an implied warranty to that extent, for we all know that there may be latent defects in apparently the best machinery, of which the manufacturer himself was entirely ignorant, or a rail may crush from a flaw in the iron, which was apparently sound.   To hold an employer liable to the servant upon an implied warranty against such casualties would be simply absurd.   I would be far from saying that there may not be cases of carelessness or misconduct on the part of those to whom a corporation may intrust the management of its concerns, producing injury to the employees of the company, for which it would be liable, but this declaration does not show such a case.   It is not even necessary at this time to express any opinion upon the propriety of the decision of the case of The Little Miami Railroad Company *v.* Stevens, 20 Ohio, 415, for this case does not approach that in point of merit on the part of the plaintiff, or culpable miscon-

duct and carelessness on the part of the representative of the defendant.

The demurrer was properly sustained, and the judgment must be affirmed.

*Judgment affirmed.*