(No. 39741.—

B. W. SALES COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WALTER FLEMING, Appellee.)

*Opinion filed Sept. 23, 1966.—Rehearing denied Oct. 27, 1966.*

CLARENCE J. RUDDY, of Aurora, and JAMES F. GORMAN, SIDNEY Z. KARASIK and GEORGE W. ANGERSTEIN, all of Chicago, for appellant.

WILLIAMS AND LEONARD, of Chicago, (JOHN L. ROACH, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Kane County sustaining an award of compensation by the Industrial Commission and the arbitrator to the claimant, Walter Fleming. The sole issue presented is whether the claimant, the sole stockholder of B. W. Sales Company, a corporation of which he is president, treasurer and director, is an employee of that corporation within the meaning of the Workmen's Compensation Act.

The facts are uncontroverted. On November 18, 1963, the claimant was seriously injured in an automobile accident when he was returning from Bloomington, Illinois, to Dundee where he lived and where respondent corporation maintains its offices. The corporation is a manufacturers' representative selling industrial brushes. Claimant had driven from Dundee to Bloomington to sell brushes to the Eureka-Williams Corporation and was returning when the accident occurred. In addition to the claimant, respondent had three employees consisting of a salesman, whose activities claimant directed and who was paid between $5,000 to $10,000 a year, and two office girls. The claimant received a salary of $2,000 a month plus an annual bonus of $20,000, and these payments continued during his period of disability.

It is the theory of the respondent that, where stock ownership of a closed corporation is in the hands of one man, the stockholder is for all practical purposes the *alter ego* of the corporation, and there is no justification in treating the corporation as a separate entity or finding an "employer-employee" relationship between the sole stockholder and his corporate self. Respondent also argues that the underlying policy and the reasons for awarding workmen's compensation benefits to an authentic employee do not apply

to the 100% stockholder. The precise question presented herein has never been decided by this court.

Section 1 of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1965, chap. 48, par. 138.1(a)2) defines the term "employer" as :"Every person, firm, public or private corporation, including hospitals, public service, eleemosynary, religious or charitable corporations or associations who have any person in service or under any contract for hire, express or implied, oral or written, * * *." Paragraph (b) of said section (Ill. Rev. Stat. 1965, chap. 48, par. 138.1(b)2) defines an "employee" as: "Every person in the service of another under any contract of hire, express or implied, oral or written, * * *."

In several cases this court has sustained an award of compensation to a corporate officer who was also a substantial stockholder. In *Stevens* v. *Industrial Com.* 346 Ill. 495, the court adopted the so-called dual capacity doctrine followed by a majority of the States. Under such doctrine an officer, director or stockholder will not be denied compensation merely because he is an officer, director or stockholder, if, as a matter of fact, at the time of his injury he is engaged in manual labor or the ordinary duties of a workman and receives pay in the capacity of an employee, or if he was engaged in employment palpably separate and distinct from the official duties falling upon him as an officer of the corporation. 99 C.J.S., Workmen's Compensation, sec. 82, pp. 302-304.

The court concluded in *Stevens* that a secretary and treasurer of a corporation in which he owned 48% of the stock was acting as an employee in going to a debtor's place of business to collect an account and was entitled to compensation for an injury occurring on such a trip. The court stated: "The only circumstance which has any tendency to distinguish this from the ordinary case of employer and employee or master and servant is the fact that Stevens was a stockholder and director and held the office of secre-

tary and treasurer of the corporation. Section 5 of the Workmen's Compensation Act declares that 'the term employee as used in this act shall be construed to mean * * * Second, every person in the service of another under any contract of hire, express or implied, oral or written.' Stevens was included within the terms of this definition. The act applies automatically not only to the corporation but to all its employees, regardless of the kind of work in which they may be engaged. *Illinois Publishing Co.* v. *Industrial Com.* 299 Ill. 189; *McNaught* v. *Hines,* 300 id. 167; *Porter Co.* v. *Industrial Com.* 301 id. 76; *Ascher Bros.* v. *Industrial Com.* 311 id. 258."

In *Grossman* v. *Industrial Com.* 376 Ill. 198, the court followed the decision in *Stevens* in a case involving the death of the corporate president who was engaged in duties of a traveling salesman at the time of his fatal injuries. However, the court, by way of *obiter dictum,* suggested that the decision might be different if the deceased president had a controlling interest in the company.

The court stated in *Grossman*:

"In an annotation of the recent cases on this subject in 81 A.L.R. 645, the editor says: 'The cases appear generally to hold that the mere fact that one is a stockholder, officer, or director of a corporation does not necessarily preclude recovery for his injury or death, as an employee of the company, under the Workmen's Compensation acts, but that he may be an employee.'

"There are cases where the person claiming compensation was an officer of the corporation and owned such a large percentage of the stock or had carried on the business in such a manner that the existence of the legal entity of the corporation was disregarded and the compensation denied. Those cases rest upon the principle that the claimant was his own employer. *Donaldson* v. *Donaldson Co.,* 176 Minn. 422, 223 N.W. 772; *Erickson* v. *Erickson Furniture Co.* 179 id. 304, 229 N.W. 101; *Aitchison* v. *Industrial Com.*

188 Wis. 218, 205 N.W. 806, and other cases referred to in the annotations 15 A.L.R. 1288, 44 id. 1217, and 81 id. 644.

"The rule announced in the foregoing cases is not applicable here for the deceased owned or had under his control a small fractional part of the total stock. It was not of sufficient voting strength that he could elect himself to the board of directors or president. His election as president and general manager and his compensation were matters entirely beyond his control as a stockholder. In naming him as president and fixing his compensation the entity of the corporation was preserved as it was in other dealings he had with it. The recognition of corporate entity is well illustrated in a resolution passed by the board of directors during his presidency, in which it was resolved that the company should adopt a more aggressive attitude toward acquiring additional business but that the responsibility for such additional effort should rest on the directorate and not on the officers of the corporation.

"It is clear that in order to entitle an officer of a corporation to recover compensation under the Workmen's Compensation Act he must prove that his injury was received while engaged in employment as an employee of the company and not in the performance of the duties appertaining to his official capacity."

While *Grossman* suggests that the court might disregard the corporate entity if the claimant controlled the corporation, this suggestion was not necessary to the decision in that case. While we recognize the decisions from other States cited in *Grossman*, there are decisions in other States which permit workmen's compensation to an executive major stockholder: *Gottlieb* v. *Arrow Door Co.,* 346 Mich. 450, 110 N.W.2d 767; *Hirsch* v. *Hirsch Bros., Inc.,* 97 N.H. 480, 92 A. 2d 402; *Shillinglaw* v. *Owen Shillinglaw Fuel Co.,* 70 N.M. 65, 370 P.2d 502.

It is difficult to compare the decisions in other States in arriving at a decision under the Illinois Workmen's Com-

pensation Act as the definitions of employer and employee differ under the various acts in other States. We therefore do not regard these decisions, or the dictum of *Grossman,* as controlling.

It is clear, however, that Illinois has followed the dual capacity doctrine. The claimant herein was performing at the time of his injury in a capacity as a traveling salesman and not that of an officer of the company. Therefore his injuries were compensable unless the corporate entity must be disregarded. The definitions of employer and employee have previously been set forth and, in the light of these definitions, we turn attention to the act itself. The Workmen's Compensation Act is a humane law of remedial nature and whenever construction is permissible, its language is to be liberally construed to effect the purpose of the act. *Shell Oil Co.* v. *Industrial Com.* 2 Ill.2d 590.

The respondent relies heavily on *City of West Frankfort* v. *Industrial Com.* 406 Ill. 452, where this court reversed an award to a police officer and decided that an officer was not an employee as defined by section 5 of the act which "exempts any official of the State, body politic or municipal corporation therein." The decision in that case turned on whether a policeman was an officer or an employee of a municipal corporation and cannot be determinative of whether an officer of a business corporation is entitled to compensation for injuries which arose out of and in the course of his employment.

In *City of Chicago* v. *Industrial Com.* 291 Ill. 23, a case also involving a police officer, the court said: "The act is a humane law of a remedial nature, and wherever construction is permissible its language should be liberally construed, but it is for the General Assembly to say who shall be included within the provisions of the act, and the courts are not authorized to bring within the scope of the act persons who are excluded by its express terms. The question what classes of persons shall be entitled to the benefits of the act

is legislative, and if it should be deemed wise to include officers when performing duties beyond the scope of the usual duties of an officer, such a provision is for the General Assembly and not for the courts."

Under the definitions of "employer" and "employee", under the Illinois Workmen's Compensation Act, it is clear that the 100% stockholder is not excluded by its express terms as are public officers. Had the legislature desired to exclude 100% stockholders from the provisions of the act, it could have said so. In view of the language of the act, and in view of the fact that it is a humane law which should be liberally construed, no intent can be gathered from within the four corners of the act itself to exclude the 100% stockholder and pierce the corporate veil. Although respondent strongly urges that the employee in this case was in reality the employer and had the right to control the corporation, there is no question but that Fleming was acting in the capacity of a traveling salesman at the time of his injury. It is common knowledge that many small businesses, such as service stations, taxicab companies, painters, and others, do business as corporations and are under the Workmen's Compensation Act. There is nothing in this record to indicate whether or not the corporation's insurance premium was based upon claimant's employment.

We are mindful of the language used by Justice Holmes in *Klein* v. *The Board of Supervisors*, 282 U.S. 19, 24, 75 L. Ed. 140, wherein it was said: "But it leads nowhere to call a corporation a fiction. If it is a fiction, it is a fiction created by law with intent that it should be acted on as if true;" and the statement of Justice Stone in *International Shoe Co.* v. *State of Washington*, 326 U.S. 310, 316: "* * * the corporate personality is a fiction, although a fiction intended to be acted upon as though it were a fact, * * *."

The corporate veil is usually only pierced for fraud, illegal transactions, or as the justice of the case may require.

(*Chicago-Crawford Currency Exchange, Inc.* v. *Thillens, Inc.*, 48 Ill. App. 2d 366, 373; *Illinois Interior Finish Co.* v. *Peonie*, 277 Ill. App. 2d 554, 566.) In the absence of some language in the act itself excluding a controlling stockholder from coverage, we know of no overriding public policy that would permit us to rewrite the act to provide for such exclusion.

The judgment of the circuit court of Kane County, affirming the award of the Industrial Commission, is affirmed.

*Judgment affirmed.*