(No. 41677.—

B. W. SALES COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Walter Fleming, Appellee.)

*Opinion filed September 26, 1969.*

ANGERSTEIN & ANGERSTEIN, of Chicago, (SIDNEY Z. KARASIK, JAMES F. GORMAN, and GEORGE W. ANGERSTEIN, of counsel,) for appellant.

WILLIAMS AND LEONARD, of Chicago, (ROBERT F. SHARP, LEONARD D. RUTSTEIN, and JOHN L. ROACH, of counsel,) for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In the first appeal in this workmen's compensation case, (*B. W. Sales Co. v. Industrial Com.*, 35 Ill.2d 418) we held that the president, director and sole stockholder of a corporation, injured while acting in a nonofficial capacity, was an "employee" of the corporation and accordingly sustained an award of compensation under the Workmen's Compensation Act. (Ill. Rev. Stat. 1963, ch. 48, par. 138.1 through 138.28). This appeal questions the judgment of the circuit court of Kane County affirming the decision of the Industrial Commission and the arbitrator in granting the employer credit on the amount due the employee for temporary total disability for wages paid him during this period, but refusing to credit the excess wages against the amount due for permanent specific loss. The question involves an interpretation of section 8(j) of the Act.

The employee was injured in the course of his employ-

ment on November 18, 1963. The period of temporary total disability was 48⅔ weeks. During this period, the corporation continued to pay the claimant his regular salary of $2,000 per month, supplemented by his regular annual bonus of $20,000. The arbitrator and the Industrial Commission gave the employer credit on the payment of temporary total disability (48⅔ weeks at $55 per week) or $2,655.71, but refused to credit the excess salary against the employer's liability for the permanent specific loss (227½ weeks at $55 per week).

The legislature has dealt with the subject of credits against the employer's liability in section 8(j) of the Workmen's Compensation Act. As in effect on November 18, 1963, it read as follows:

"(j) 1. * * *

"2. Nothing contained in this Act shall be construed to give the employer or the insurance carrier the right to credit for any benefits or payments received by the employee other than compensation payments provided by this Act, and where the employee receives payments other than compensation payments, whether as full or partial salary, group insurance benefits, bonuses, annuities or any other payments, no credit shall inure to the employer or insurance carrier by reason of such additional payments, and no award shall be reduced on account thereof, and the employee shall be entitled to the same award for his injuries in the same manner and to the same extent as if no payments other than the compensation payments due him under this Act had been paid." Ill. Rev. Stat. 1963, ch. 48, par. 138.8(j).

Claimant argues that the plain meaning of the language in section 8(j)(2) is to deny the employer any credit for the payments made here, including any credit against its liability for temporary total disability, although he concedes that his failure to cross-appeal bars a review of that portion of the Commission's finding.

The respondent appears to agree with the claimant's in-

terpretation of section 8(j) and that the version applicable is that in effect in November, 1963. Respondent argues, however, that 8(j) is "glaringly unfair and unconstitutional in the light of *Olney Seed Co.* v. *Industrial Com.,* 403 Ill. 587." This argument fails for two reasons. First, *Olney* did not involve an interpretation of the statutory provisions applicable here. Rather, the court there reviewed prior decisions which held that where an employer, with knowledge of accidental injuries, pays wages during the employee's period of disability, and the liability under the Act is not denied, such payments were construed to have been made in consequence of the employer's liability and thus tolled the period of limitations for filing a claim. The court then concluded that "Simple justice and consistency, *in the absence of any statutory direction to the contrary,* demands that payments of wages under such circumstances operate as a discharge * * * of the employer's monetary liability under the act." (403 Ill. 587, 595, emphasis added.) The second reason the respondent's argument fails is that it cites no constitutional provision, and we know of none, which empowers this court to void legislation merely because it is alleged to be "unfair".

Respondent attempts to challenge the constitutionality of the 1965 version of section 8(j) as amended. The answer, however, is that it is the act which was in effect in 1963 which governs this case, and respondent cites nothing to the contrary.

The plain meaning of section 8(j) of the Workmen's Compensation Act, as in effect in 1963 and 1964, is to preclude any credit against the employer's liability under the Act for wages paid the disabled employee. Since the only portion of the judgment appealed from was in accordance with this interpretation, the judgment of the circuit court is affirmed.

*Judgment affirmed.*