CINDY MILLER, Plaintiff-Appellant, v. NARENDRA K. GUPTA *et al.*, Defendants-Appellees.

Fifth District   No. 5—94—0647

Opinion filed October 6, 1995.—Rehearing denied November 8, 1995.

540

Thomas Q. Keefe, Jr., P.C., of Belleville, for appellant.

Daniel R. Price and Jennifer W. Price, both of Wham & Wham, of Centralia, for appellee St. Mary's Hospital.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, and Roy L. Carnine and Jerome E. McDonald, both of Campbell, Black, Carnine & Hedin, P.C., of Mt. Vernon, for appellee Narendra K. Gupta.

PRESIDING JUSTICE MAAG delivered the opinion of the court:

Plaintiff, Cindy Miller, appeals from a Marion County circuit court order dismissing all four counts of her amended complaint with prejudice.

In her original complaint, plaintiff alleged medical malpractice and negligent and/or intentional spoilation of evidence against defendant Dr. Narendra K. Gupta. She claimed that he was responsible for the destruction of X rays necessary for her to prevail on a medical malpractice case against him. She also alleged a cause of action under the X-Ray Retention Act (210 ILCS 90/1 (West 1994)) against defendant St. Mary's Hospital. Pursuant to motions to dismiss filed by Dr. Gupta and St. Mary's Hospital, the circuit court dismissed the original complaint in its entirety. Plaintiff then filed an amended complaint, the allegations of which are similar to the original complaint except that she pleaded her causes of action in four separate counts. (Count I against Dr. Gupta alleged malpractice; count II against Dr. Gupta alleged spoilation of evidence; count III against St. Mary's alleged violation of the X-Ray Retention Act; and count IV against St. Mary's alleged spoilation of evidence.) The circuit court dismissed the amended complaint in its entirety with prejudice. It is from this dismissal order that plaintiff appeals.

Plaintiff's amended complaint alleges that on February 9, 1989, Dr. Gupta performed a surgical procedure known as a "left foot second and third metatarsal osteotomy" on plaintiff at St. Mary's Hospital in Centralia, Illinois. In March 1991, plaintiff consulted with Dr. William Hess, a licensed podiatrist, for stumbling, loss of balance, and misalignment of a toe on her left foot, all of which had progressively worsened since Dr. Gupta's treatment. Dr. Hess diagnosed plaintiff's condition as a "transfer wound" and misalignment of her toe. Dr. Hess told plaintiff that her condition may have been the result of malpractice on the part of Dr. Gupta, but that he would need to study her pre- and postoperative X rays to make that determination.

On August 6, 1991, Dr. Gupta received a letter from plaintiff's attorney, Thomas Q. Keefe, Jr., requesting plaintiff's medical records and X rays. On August 9, 1991, St. Mary's Hospital also received a letter from plaintiff's attorney requesting plaintiff's medical records and X rays. On October 30, 1991, Dr. Gupta informed Mr. Keefe that the requested X rays were inadvertently destroyed by the St. Mary's Hospital housekeeping department.

According to Dr. Gupta's discovery deposition, after reviewing the X rays, Dr. Gupta placed them in a corner against a wall behind his desk to be later taken to St. Mary's for copying. This location was

approximately three feet from the wastebasket and was a place where Dr. Gupta was in the habit of placing important items.

St. Mary's Hospital had a contract with Dr. Gupta to provide cleaning services for his office. Cathy Jolliff, an employee of St. Mary's housekeeping department, stated in her deposition that she disposed of an X-ray jacket in Dr. Gupta's office because she believed it was trash. The jacket apparently was destroyed in the incinerator.

■ We must first address Dr. Gupta's argument that plaintiff waived her claim of error and right of appeal. Dr. Gupta asserts that during the hearing on defendants' motion to dismiss, plaintiff's counsel suggested: "[P]erhaps one possible solution is that the court can dismiss count one, dismiss count two, and I can go up as the appellant." The trial court later dismissed all four counts with prejudice. Dr. Gupta argues that Mr. Keefe's suggestion was a request to the court to enter judgment in favor of defendants so that plaintiff could gain appellate review of a procedural dilemma facing the trial court. Defendant supports his argument with the recent Illinois Supreme Court case, *Morris v. Banterra Bank* (1994), 159 Ill. 2d 551, 640 N.E.2d 932, in which the court held that a plaintiff could not request that a trial court enter judgment in favor of defendant and then later claim error and appeal that judgment.

We believe that *Morris* is inapplicable to the facts of this case. In *Morris*, plaintiffs made a formal motion that judgment be entered in favor of defendants. (*Morris*, 159 Ill. 2d at 552, 640 N.E.2d at 933.) Our review of the record in the case at bar indicates that Mr. Keefe neither made a motion for dismissal nor requested the court to dismiss the case. When read in context, it is clear that Mr. Keefe's "suggestion" is part of an argument to the trial court in which Mr. Keefe is merely articulating the three courses of action he thought were available to the court, one of which was dismissal upon which, he stated, he would appeal. We do not think this rises to the level of a motion or request. *Morris* is inapplicable.

Turning now to plaintiff's appeal, plaintiff first contends that the trial court erred in dismissing her medical malpractice action (count I), despite her failure to file a certificate of merit pursuant to section 2—622 of the Illinois Code of Civil Procedure. (735 ILCS 5/2—622 (West 1994).) Plaintiff argues that she was unable to comply with the statute because Dr. Gupta negligently or intentionally destroyed plaintiff's preoperative and postoperative X rays. She claims that she cannot find a physician who is able to review her case and determine whether a reasonable and meritorious cause of action for medical malpractice exists without the preoperative X rays.

■ Section 2—622 requires, in relevant part, that the plaintiff's

attorney in a medical malpractice case must attach an affidavit to the complaint, stating that the attorney conferred with a knowledgeable physician and that the physician has determined in an attached, written report that his or her review of the records indicates that there is a reasonable and meritorious cause of action. (735 ILCS 5/2—622(a)(1) (West 1994).) The statute also provides that the failure to file the required affidavit shall be grounds for dismissal with prejudice. 735 ILCS 5/2—622(g) (West 1994).

Section 2—622 is designed to reduce the number of frivolous lawsuits that are filed and to eliminate such actions at an early stage. (*DeLuna v. St. Elizabeth's Hospital* (1992), 147 Ill. 2d 57, 588 N.E.2d 1139.) The purpose of the enactment was not to burden the plaintiff with insurmountable hurdles prior to filing but to reduce the number of frivolous medical malpractice lawsuits. (*Requena v. Franciscan Sisters Health Care Corp.* (1991), 212 Ill. App. 3d 328, 570 N.E.2d 1214, *appeal denied* (1991), 141 Ill. 2d 559, 580 N.E.2d 133.) Counsel for Dr. Gupta conceded this purpose at oral argument in this case.

The decision whether to dismiss a complaint for failure to conform to the requirements of section 2—622 is within the discretion of the trial court. (*McCastle v. Mitchell B. Sheinkop M.D., Ltd.* (1987), 121 Ill. 2d 188, 520 N.E.2d 293.) Section 2—622 must be liberally construed so that cases may be quickly and finally decided according to the substantive rights of the parties. (*Thompson v. Heydemann* (1992), 231 Ill. App. 3d 578, 596 N.E.2d 664.) The technical requirements of this statute should not interfere with the spirit or purpose of the statute. The absence of strict technical compliance with the statute is one of form only and not of substance. The technical requirements of the statute should not be mechanically applied to deprive plaintiff of her substantive rights. (*Comfort v. Wheaton Family Practice* (1992), 229 Ill. App. 3d 828, 594 N.E.2d 381.) "Requiring that section 2—622 dismissals be with prejudice would be a triumph of form over substance. It would elevate a pleading requirement designed to reduce frivolous lawsuits into a substantive defense forever barring plaintiffs who initially fail to comply with its terms. We decline to ascribe such intentions to the legislature." *McCastle*, 121 Ill. 2d at 193, 520 N.E.2d at 296.

■ Dr. Gupta concedes that the X rays were destroyed while in his possession. Plaintiff contends that the destruction of her X rays makes it impossible for her to obtain a section 2—622 certificate of merit because no X ray of her condition prior to surgery exists. Thus, she claims that there is no way for a reviewing physician to determine whether surgery was necessary or performed properly. If

this is true, we cannot hold plaintiff to the technical requirements of section 2—622.

It was defendant's actions that have allegedly prevented compliance. Equity and fairness will not allow a party to profit from his own wrongdoing. (*State Bank v. Sorenson* (1988), 167 Ill. App. 3d 674, 521 N.E.2d 587.) Any other ruling would be a mechanical application of form over substance, depriving plaintiff of her substantive rights. For this reason, we find that the trial court abused its discretion in dismissing plaintiff's medical malpractice action based upon her failure to file a section 2—622 certificate of merit.

However, given the fact that plaintiff has alleged an inability to obtain a section 2—622 physician's report because of the missing X rays, we believe that, as a substitute for the section 2—622 report, plaintiff should be required to document this inability with a report from a physician comparable to a section 2—622 certificate of merit. We do not believe that it is unreasonable to require plaintiff to attach in place of the certificate of merit a physician's certificate confirming that the missing X rays are necessary to the determination of whether malpractice was committed.

Plaintiff next contends that the trial court should have imposed sanctions pursuant to Supreme Court Rule 219(c) in the form of a default judgment against Dr. Gupta. Supreme Court Rule 219(c) provides remedies for a party's failure to comply with Illinois discovery rules. (134 Ill. 2d R. 219(c).) The rule also specifically provides for a default judgment against the offending party or the striking of the offending party's pleadings. 134 Ill. 2d R. 219(c)(vi).

Plaintiff argues that a default judgment is appropriate in this case because it is the only means to protect her substantive rights, whether Dr. Gupta intentionally or inadvertently destroyed the evidence. Plaintiff cites several cases in support of her position that Rule 219(c) sanctions are appropriate.

Our discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation. (*Boettcher v. Fournie Farms, Inc.* (1993), 243 Ill. App. 3d 940, 612 N.E.2d 969.) Discovery for all parties will not be effective unless trial courts do not countenance violations and unhesitatingly impose sanctions proportionate to the circumstances. (*Buehler v. Whalen* (1977), 70 Ill. 2d 51, 374 N.E.2d 460.) Unless there are appropriate sanctions for the refusal or failure to comply with discovery rules, many litigants will fail to fully and accurately comply. *Campen v. Executive House Hotel, Inc.* (1982), 105 Ill. App. 3d 576, 434 N.E.2d 511.

■ In this case, however, plaintiff's argument is unpersuasive. The cases cited by plaintiff are not persuasive because in each case

the party seeking Rule 219(c) sanctions had first requested production of the evidence through the discovery process. In the instant case, plaintiff has not made any formal discovery request for the destroyed X rays. Nor has the trial court entered any order or entertained any motion for Rule 219(c) sanctions.

Dr. Gupta argues that he is not amenable to sanctions under Rule 219(c) because the X rays were destroyed prior to this action being filed. Moreover, Dr. Gupta argues that sanctions are impermissible because no order was entered requiring production of the X rays prior to their destruction. At oral argument, counsel for the doctor claimed that if evidence is destroyed by a party before the action is filed or before the party is ordered to produce the evidence, sanctions are unobtainable. We disagree. If Dr. Gupta was correct in this assertion, a potentially liable party could simply eliminate that liability by destroying the proof. The reach of Rule 219(c) is not as limited as defendant claims. *Shelbyville Mutual Insurance Co. v. Sunbeam Leisure Products Co.* (1994), 262 Ill. App. 3d 636, 634 N.E.2d 1319.

■ Plaintiff next contends that the trial court erred in dismissing count III of her amended complaint, which alleged a cause of action under the X-Ray Retention Act (210 ILCS 90/1 (West 1994)) against St. Mary's Hospital. Plaintiff argues that St. Mary's Hospital was responsible for cleaning Dr. Gupta's offices and that a hospital employee was responsible for the actual disposal of the X rays. Plaintiff also argues that it was the hospital which ultimately destroyed the X rays by burning them in the hospital incinerator. Thus, plaintiff concludes, the hospital violated its duty under the X-Ray Retention Act to preserve the X rays.

We find plaintiff's argument to be without merit. The X-Ray Retention Act provides, in pertinent part:

"§ 1. *Hospitals which produce photographs* of human anatomy by the X-ray or roentgen process on the request of licensed physicians for use by them in the diagnosis or treatment of a patient's illness or condition shall retain such photographs or films as part of their regularly maintained records for a period of 5 years provided that retention of said photographs or film may be by microfilm or other recognized means of minification that does not adversely affect their use for diagnostic purposes." (Emphasis added.) 210 ILCS 90/1 (West 1994).

According to its plain language, the X-Ray Retention Act only applies to X rays which were produced by the hospital in question. In this case, plaintiff does not allege that St. Mary's produced any X rays of her anatomy, nor does she allege that St. Mary's even stored

any X rays of her anatomy. Furthermore, in his deposition, Dr. Gupta testified that all of the X rays which were destroyed were taken on an X-ray machine in his office and stored in his own X-ray department. The X-Ray Retention Act does not apply to this situation. Therefore, we hold that the trial court properly dismissed count III of plaintiff's amended complaint.

■ Finally, plaintiff contends that the trial court erred in dismissing her cause of action for spoilation of evidence (counts II and IV). In a well-researched and well-argued point, plaintiff urges us to adopt spoilation of evidence as an independent tort in Illinois and apply it to the defendants' conduct in this case.

After the parties' briefs had been filed, the Illinois Supreme Court ruled on this issue in an unrelated case. In *Boyd v. Travelers Insurance Co.* (1994), 166 Ill. 2d 188, 193, 652 N.E.2d 267, the court held that an action for the negligent spoilation of evidence can be stated under existing negligence law without creating a new tort.

Once our supreme court has determined the law on a point, it alone can overrule or modify its previous decision. (*Heepke v. Heepke Farms, Inc.* (1995), 271 Ill. App. 3d 935, 649 N.E.2d 958.) It is not within our authority to overrule or modify decisions of our supreme court. (*Heepke*, 271 Ill. App. 3d 935, 649 N.E.2d 958.) We therefore decline plaintiff's invitation to adopt spoilation of evidence as an independent tort. We direct plaintiff's attention to *Boyd* and remand this issue to the trial court with instructions to permit plaintiff to amend her complaint to conform with the holding in *Boyd*.

For the foregoing reasons, the order of the circuit court of Marion County dismissing counts I, II, and IV is reversed. The order dismissing count III is affirmed. The cause is remanded with directions.

Affirmed in part; reversed in part and remanded with directions.

GOLDENHERSH and HOPKINS, JJ., concur.