No. 3--05--0512

Filed July 10, 2007.
IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 94-CF-4156 |
| v. | ) ) | |
| SEAN MALLOY, | ) ) | Honorable Gerald Kinney, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

Defendant, Sean Malloy, pled guilty to first degree murder and was sentenced to 60 years' imprisonment. More than 9 years later, defendant filed a petition for collateral relief. The trial court, characterizing the petition as both a petition for relief from judgment (735 ILCS 5/2-1401 (West 2004)) and a postconviction petition (725 ILCS 5/122-1 (West 2004)), dismissed the petition on its own motion. Defendant appeals that dismissal and argues: (1) that the trial court may not dismiss a petition for relief from judgment, on its own motion, without first providing defendant with notice and an opportunity to be heard; and in the alternative, (2) that even if the trial court may make such a dismissal, it may not do so on the basis of timeliness. We agree with defendant's second contention, and find that the dismissal was erroneous. We also conclude, however, that the error was harmless, and therefore, affirm.

FACTS

In March of 1996, defendant pled guilty to first degree murder. Pursuant to plea agreement, defendant was sentenced to 60 years' imprisonment. During the course of the plea proceeding, defendant was admonished twice that at the end of his prison term, he would have to serve a three year period of mandatory supervised release. Defendant indicated that he understood that admonishment. Sentence was imposed and no direct appeal was filed.

In April of 2005, defendant filed the instant petition for collateral relief arguing that his sentence should be reduced because the imposition of a mandatory supervised release term at the end of his sentence would cause him to serve a term of imprisonment in excess of 60 years. It is unclear whether defendant had intended the petition to be a petition for relief from judgment or a postconviction petition. The trial judge characterized the petition as being brought under both forms of collateral relief and found that the petition was untimely as a petition for relief from judgment and that it was frivolous and patently without merit as a postconviction petition. On his own motion, the trial judge dismissed the petition. This appeal followed.

ANALYSIS

On appeal, defendant only challenges the dismissal of the petition as characterized as a petition for relief from judgment. Defendant does not argue that the petition has any merit. Rather, defendant merely contends that it was improper for the trial court to dismiss the petition on its own motion on the basis of timeliness. The People argue that the petition was properly dismissed, and in the alternative, that any error that occurred was harmless.

In the recent case of People v. Vincent, our supreme court stated that a trial court's dismissal

2

of a petition for relief from judgment on its own motion may properly be characterized as either a grant of judgment on the pleadings in favor of the State or a dismissal of the petition with prejudice for failure to state a cause of action. People v. Vincent, ___ Ill. 2d ___, ___, ___ N.E. 2d ___, ___, 2007 WL 1650535, 5-7 (June 7, 2007). Such a dismissal is subject to de novo review on appeal. Vincent, ___ Ill. 2d at ___, ___ N.E. 2d at ___, 2007 WL 1650535 at 6. Thus, we will apply a de novo standard of review to the dismissal in the present case. See Vincent, ___ Ill. 2d at ___, ___ N.E. 2d at ___, 2007 WL 1650535 at 5-7.

Turning to the merits of defendant's argument, defendant first asserts that the trial court may not dismiss a petition for relief from judgment, on its own motion, without first providing defendant with notice and an opportunity to be heard. Our supreme court addressed that exact issue in Vincent and ruled to the contrary. Vincent, ___ Ill. 2d at ___, ___ N.E. 2d at ___, 2007 WL 1650535 at 5-6. The trial court's authority to take such action comes from the Illinois pleading requirements and from well-settled principles of civil practice and procedure. Vincent, ___ Ill. 2d at ___, ___ N.E. 2d at ___, 2007 WL 1650535 at 5. In the past, our supreme court has recognized that the lower courts have the inherent power to protect themselves from harassing and vexatious litigation and abuse of court process through what was called the "summary remedy" of dismissing suit. Patterson v. Northern Trust Co., 286 Ill. 564, 567, 122 N.E. 55, 56 (1919). Our supreme court has noted that the jurisdiction of the lower courts to restrain the maintenance of vexatious or harassing litigation is well established. People ex rel. Lake County Bar Ass'n v. Circuit Court of Lake County, 31 Ill. 2d 170, 173-174, 201 N.E. 2d 109, 111 (1964). In reaffirming the trial court's authority to dismiss suit under civil practice principles, our supreme court in Vincent pointed out that adequate safeguards exist to protect a litigant from an erroneous dismissal. Vincent, ___ Ill. 2d at ___, ___ N.E. 2d at

3

___, 2007 WL 1650535 at 5. A litigant may file a motion for rehearing, or an appeal, or both. Vincent, ___ Ill. 2d at ___, ___ N.E. 2d at ___, 2007 WL 1650535 at 5.

Based upon the supreme the court's ruling in Vincent, the law is now settled in Illinois that the trial court may dismiss a petition for relief from judgment on its own motion without first providing the defendant with notice and an opportunity to be heard. Vincent, ___ Ill. 2d at ___, ___ N.E. 2d at ___, 2007 WL 1650535 at 5-6. That rule is contrary to the previous rulings of this court. See People v. Coleman, 358 Ill. App. 3d 1063, 1071, 835 N.E. 2d 387, 394 (2005)[1]; People v. Edwards, 355 Ill. App. 3d 1091, 1100, 825 N.E. 2d 329, 337 (2005). Nevertheless, we are bound by supreme court precedent. Heepke v. Heepke Farms, Inc., 271 Ill. App. 3d 935, 938, 649 N.E. 2d 958, 961 (1995). We therefore reject defendant's first argument.

The supreme court's ruling in Vincent, however, does not end our analysis in this case. Defendant also asserts that even if the trial court may make such a dismissal, it may not do so on the basis of timeliness. The resolution of this issue turns on whether the two-year time period contained in section 2-1401 is a statute of limitation or a jurisdictional prerequisite. If the time period is a statute of limitation, it must be asserted as an affirmative defense by the State, and is not a basis upon which the trial court may properly dismiss the petition on its own motion. See Eschbaugh v. Industrial Comm'n, 286 Ill. App. 3d 963, 964-965, 677 N.E. 2d 438, 440 (1996). If it is a jurisdictional prerequisite, it may not be waived, and the trial court may properly dismiss the petition on its own motion if defendant fails to allege facts to justify the delay, as provided for in the statute.

---

[1] The petition in Coleman was actually dismissed on motion of the State, rather than on the court's own motion. Coleman, 358 Ill. App. 3d at 1065, 835 N.E. 2d at 389. However, there was no indication in the record that the defendant was ever served with the State's motion and the dismissal was granted in an ex parte proceeding. Coleman, 358 Ill. App. 3d at 1065, 835 N.E. 2d at 389.

4

See Eschbaugh, 286 Ill. App. 3d at 964-965, 677 N.E. 2d at 440.

Our research indicates that the authorities are split on this issue. Some courts have found that the time period is a jurisdictional prerequisite. See In re Arcicov's Estate, 94 Ill. App. 2d 122, 127, 236 N.E. 2d 365, 368 (1968). Others have allowed dismissal based on timeliness without making a finding one way or another. See People v. Bramlett, 347 Ill. App. 3d 468, 473, 806 N.E. 2d 1251, 1255 (2004). Our supreme court, however, has referred to the two-year time period as a "limitations period" and has stated that the time requirement may be waived. See People v. Harvey, 196 Ill. 2d 444, 447, 753 N.E. 2d 293, 295 (2001). Implicit in that statement is the conclusion that the time period is a statute of limitation and not a jurisdictional prerequisite. In stating that the time period may be waived, the supreme court cited People v. Ross, 191 Ill. App. 3d 1046, 1053, 548 N.E. 2d 527, 532 (1989), a case where the First District Appellate Court specifically found that the 2-1401 time period is a procedural limitation, not a jurisdictional prerequisite. See Harvey, 196 Ill. 2d at 447, 753 N.E. 2d at 295; Ross, 191 Ill. App. 3d at 1053, 548 N.E. 2d at 532.

As stated previously, we are bound by the supreme court's rulings. Heepke, 271 Ill. App. 3d at 938, 649 N.E. 2d at 961. Accordingly, we conclude that the two year time period is a statute of limitation and not a jurisdictional prerequisite. See Eschbaugh, 286 Ill. App. 3d at 964-965, 677 N.E. 2d at 440; Harvey, 196 Ill. 2d at 447, 753 N.E. 2d at 295; Ross, 191 Ill. App. 3d at 1053, 548 N.E. 2d at 532. As a statute of limitation, the time period must be asserted as an affirmative defense by the State. Eschbaugh, 286 Ill. App. 3d at 964-965, 677 N.E. 2d at 440. The trial court, therefore, may not dismiss a petition for relief from judgment, on its own motion, on the basis of timeliness. See Eschbaugh, 286 Ill. App. 3d at 964-965, 677 N.E. 2d at 440; Harvey, 196 Ill. 2d at 447, 753 N.E. 2d at 295. The trial court may, however, dismiss a petition for relief from judgment, on its motion,

5

on any other basis. See Vincent, ___ Ill. 2d at ___, ___ N.E. 2d at ___, 2007 WL 1650535 at 5-6. Thus, the trial court erred by dismissing the instant petition on its own motion on the basis of timeliness. See Eschbaugh, 286 Ill. App. 3d at 964-965, 677 N.E. 2d at 440; Harvey, 196 Ill. 2d at 447, 753 N.E. 2d at 295.

The question remains, however, whether that error is reversible error, as contended by defendant, or harmless error, as contended by the State. Prior decisions on this point are of little value since they were decided before the supreme court's ruling in Vincent. There seems to be no doubt in this case that defendant's petition has no merit. See 730 ILCS 5/5-8-1(d)(1) (West 2004) (a three year period of mandatory supervised release period shall be imposed for the offense of first degree murder in addition to the term of imprisonment imposed). Defendant does not make an assertion to the contrary. It is also obvious from the facts of the present case that there is no amendment that defendant could make to the petition to cure its lack of merit. Under these circumstances, the erroneous dismissal is harmless error. Our previous case, which rejected harmless error analysis in this context, did so based on the prejudice inherent in failing to provide a nonmovant with notice and the opportunity to respond to a dispositive motion. See Coleman, 358 Ill. App. 3d at 1065, 835 N.E. 2d at 389. The supreme court specifically rejected that rationale in Vincent. See Vincent, ___ Ill. 2d at ___, ___ N.E. 2d at ___, 2007 WL 1650535 at 5. Reversal and remand in this case would serve no purpose and would merely delay the ultimate dismissal of defendant's meritless petition. See People v. Taylor, 349 Ill. App. 3d 718, 721, 812 N.E. 2d 581, 584 (2004).

In summary, the trial court may dismiss a petition for relief from judgment, on its own motion, on any basis except for timeliness. See Vincent, ___ Ill. 2d at ___, ___ N.E. 2d at ___, 2007

WL 1650535 at 5-6; Eschbaugh, 286 Ill. App. 3d at 964-965, 677 N.E. 2d at 440; Harvey, 196 Ill. 2d at 447, 753 N.E. 2d at 295; Ross, 191 Ill. App. 3d at 1053, 548 N.E. 2d at 532. The two year time period contained in section 2-1401 is a statute of limitation, not a jurisdictional prerequisite. See Eschbaugh, 286 Ill. App. 3d at 964-965, 677 N.E. 2d at 440; Harvey, 196 Ill. 2d at 447, 753 N.E. 2d at 295. As such, it must be asserted as an affirmative defense by the state. See Eschbaugh, 286 Ill. App. 3d at 964-965, 677 N.E. 2d at 440; Harvey, 196 Ill. 2d at 447, 753 N.E. 2d at 295. If the trial court dismisses a petition for relief from judgment, on its own motion, on the basis of timeliness, that dismissal is erroneous. See Eschbaugh, 286 Ill. App. 3d at 964-965, 677 N.E. 2d at 440; Harvey, 196 Ill. 2d at 447, 753 N.E. 2d at 295. However, if the petition is without merit, and the lack of merit cannot be cured by an amendment to the petition, the error that results from the erroneous dismissal is harmless. Thus in the present case, the trial court's dismissal of the instant petition, on its own motion on the basis of timeliness, was erroneous. That error, however, was harmless.

For the foregoing reasons, we affirm the judgment of the circuit court of Will County dismissing defendant's petition for relief from judgment.

Affirmed.

MCDADE, J. concurring.

JUSTICE HOLDRIDGE, specially concurring:

I concur because the majority has accurately stated, and relied on, the law as it now stands. I write separately, however, to express my view that the current state of the law yields a bizarre result in this context. A definite filing period, such as the two-year period in question, provides a dispositional basis that is objective and virtually free from any potential abuse of discretion. I find

it odd, therefore, that a judge cannot <u>sua</u> <u>sponte</u> dispose of a 2--1401 petition on the purely objective basis of untimeliness, yet the judge is allowed to do so on other bases involving decisions that are more prone to subjectivity. For this reason, I believe the principles articulated in <u>People v. Ross</u>, 191 Ill. App. 3d 1046 (1989), and ostensibly adopted by our supreme court in <u>People v. Harvey</u>, 196 Ill. 2d 444 (2001), should be reconsidered.